[No. 4394.]

## J. M. ALLEN *v.* CHAUNCEY DAKE AND R. W. COX.

CONTESTS AS TO RIGHT TO PURCHASE SWAMP LAND.—The District Courts have no jurisdiction to determine contests as to the right to purchase swamp and overflowed land, or as to the approval of a survey, unless a contest arose in the office of the Surveyor-General.

RIGHT TO PURCHASE SWAMP LAND.—A party acquires no right to purchase swamp and overflowed land under an application made by the county surveyor for him without his authority, and which is not sworn to by him.

IDEM.—The application to purchase swamp land which is first presented to the county surveyor must be preferred.

IDEM.—The facts, that a county surveyor fails to indorse on an application to buy swamp land the date of its receipt, and to forward it to the Surveyor-General for approval within the time required by statute, if the applicant does not procure such neglect or omission, do not vitiate his application as against one making a subsequent application.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

Contest in relation to the right to purchase the south half of the southwest quarter, and the fractional southeast quarter of section twenty, and the fractional east half or lots No. one (1), and two (2) of section nineteen, and the fractional northeast quarter of the northeast quarter of section thirty, all in township nineteen (19) north, range one west, Mount Diablo base and meridian, according to the United States survey of the public lands, containing three hundred and nineteen and thirty one-hundredths acres.

On the 15th of December, 1871, Allen applied to the county surveyor to purchase the land, but the surveyor did not indorse on the application the fact that he had received it, or a date, but he entered it in his application-book. The surveyor made a survey, plat, and field notes, on the 30th of March, 1872, and sent duplicate copies thereof to the Surveyor-General, who returned them on the 5th of April, 1872, not approved. On the 24th of May following, they were again sent to the Surveyor-General and were approved by him on the following day. This was survey No. 669. On the 14th of December, 1871, W. B. Cox filled out and swore to an application to purchse the land, but did not present it to the county surveyor until the day following, and after Allen's application had been received by the surveyor. On the 4th day of June, 1872, the county surveyor made a survey, plat and field notes on the application of Cox, and sent duplicate copies to the Surveyor-General, who received and filed them June 6, 1872. This application was in two surveys, numbered 677 and 678. On the 27th of May, 1872, Dake made application to purchase the land, and the next day the county surveyor made a survey, plat and field notes, and sent duplicate copies to the Sur-

veyor-General, who received and filed them on the 30th of
May, 1872. This survey was numbered 674. The plat of
survey of the township in which the land is situated was
filed in the United States Land Office on the 23d of March,
1871, and at that date the land had been segregated as
swamp and overflowed. Cox, on the 25th of August, 1870,
applied to purchase the land, but his application was not
forwarded to the Surveyor-General. In February, 1871, the
county surveyor, on behalf of Cox, but without his knowl-
edge, made out an application, as a substitute for that of
August 25, 1870, to purchase the land, and dated it the day
last mentioned, and certified that it was signed and sworn
to by Cox on said last-named day. A survey, plat and field
notes were made and forwarded to the Surveyor-General on
the 16th of February, 1871, who received and filed them on
the 24th of that month. Each of the last two surveys were
numbered 590. W. B. Cox died on the 8th day of Decem-
ber, 1872, and R. W. Cox, who was the devisee of his estate,
was substituted in his place. The court awarded to Allen
the right to purchase the land.

The other facts are stated in the opinion.

*L. J. Ashford, F. L. Hatch,* and *Belcher & Belcher,* for
Appellant Cox.

*N. E. Whitesides* and *A. L. Hart,* for the Appellants.

*P. Vanclief,* for the Respondent.

By the Court, RHODES, J.:

Action to determine a contest arising in the office of the
Surveyor-General between three several applicants for the
purchase of certain swamp and overflowed lands. Separate
appeals were taken by Dake and Cox.

The District Courts have no jurisdiction to determine con-
tests as to the right to purchase swamp and overflowed land,
or as to the approval of a survey, etc., unless the contest
arose in the office of the Surveyor-General. There could be
no contest in respect to the approval of a survey, unless

the survey had been made and returned to the Surveyor-General.   There was no contest in the Surveyor-General's office in respect to the application of Cox, of the date of August 25, 1870, for no survey was made by the county surveyor in pursuance of that application, and of course no survey was returned to the Surveyor-General.

Cox acquired no rights by reason of the application made in February, 1871, and the two surveys (each numbered five hundred and ninety) made upon such application; for the application, which was in fact made by the county surveyor for Cox, does not appear to have been authorized by Cox, and it is not found that it was sworn to by him.

In respect to the applications of Allen and of Cox, which were presented to the county surveyor on the 15th day of December, 1871, it is sufficient to say that the application of Allen must be preferred, because it was, in fact, first presented to the county surveyor.

After the survey, which was made in pursuance of the application of Allen, had been forwarded to the Surveyor-General for approval, Dake presented to the county surveyor his application to purchase the lands; and he now contests the application of Allen on the ground that the county surveyor did not discharge his duties as prescribed by law; that he failed to indorse on the application the date of its receipt, and failed to make and forward to the Surveyor-General the survey and field notes, etc., within the thirty days mentioned in the statute.   It does not appear that Allen caused or procured such omission or delay, or that he was in default as to anything which the law required of him.   The omission to make the requisite indorsement on the application, and the neglect in making and forwarding the survey, appear to have been due to the negligence of the county surveyor.   Under such circumstances Allen cannot be held responsible for the omission of that officer to discharge the duties of his office as prescribed by law.

Judgment affirmed.

Neither Mr. Chief Justice WALLACE nor Mr. Justice Mc-KINSTRY expressed an opinion.