DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1875.

| 51 | 3 |
| 98 | 402 |

[No. 4379.]

## HENRY KEEMA v. G. W. DOHERTY, D. McLENA-HAN AND THE TIDE-LAND RECLAMATION COMPANY.

SALE OF STATE LANDS.—The statute of 1863, in relation to the sale of swamp lands, which prescribes that the first payment must be made within thirty days of the recording of the approval of the survey, is mandatory, and if the treasurer receives the money after the thirty days expires, the entry is void, and the land is open to location by another.

IDEM.—The above rule is not affected by the act of 1861, concerning the assignment of certificates of purchase.

CONTEST ABOUT RIGHT TO PURCHASE LAND.—The District Court has no jurisdiction to try the right of a party to purchase State lands, under the act of 1868, unless a contest has been set on foot in the register's office by a demand made by one of the parties that a trial be had in the proper court, or unless, in the judgment of the register, a question of law is involved.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Contest about the right to purchase several subdivisions of swamp and overflowed land, in township five north,

( 3 )

ranges four and five east, Mount Diablo meridian, lying in the county of Sacramento. There were 440 $\frac{26}{100}$ acres of land, and the payment made on the 26th of May, 1865, was three hundred and one dollars and fifty-eight cents. The county treasurer gave Baldwin a receipt for the money, and entered the payment on his books. On the 15th day of June, 1869, Doherty received a certificate of purchase for the land described in his first application, and on the 13th day of August, 1872, received a certificate of purchase on his second application, having in each case made the necessary payments to entitle him thereto. On the 2d day of December, 1872, the plaintiff, as the successor in interest of Baldwin, applied to the Surveyor-General for a certificate of purchase. The Surveyor-General refused to issue the same, and made the entry spoken of in the opinion. The plaintiff commenced this action on the 14th day of April, 1873. The court below gave judgment for the plaintiff, and the defendants appealed.

The other facts are stated in the opinion.

*Hamilton & Dunlap and Greathouse & Haggin,* for the Appellants.

Under section one, the first payment must be made within thirty days after the record in the office of the county surveyor of the approval of the Surveyor-General. (*Eckart* v. *Campbell,* 39 Cal. 257; *Carpenter* v. *Sargent,* 41 Cal. 559.)

When the law under which public lands are sold requires certain acts to be performed as a prerequisite to the right to purchase, the court cannot dispense with the performance of those acts by legalizing an entry made without complying with them. (*Hildebrand* v. *Steward,* 41 Cal. 387; *Wood* v. *Sawtelle,* 46 Cal. 390.)

*McKune & Welty,* for the Respondents, argued that Baldwin and his assigns were protected by the act of April 9, 1861 (Stats. 1861, p. 141), and that the neglect to make the first payment within the thirty days did not work a forfeiture of the right to the certificate.

They also argued that section 3523 of the Political Code provided for the issuance of patents to deceased persons; that the applicant by name alone was known in the office of the Surveyor-General, who refused to act, or to allow action before him in the name of a person not a party to the record. No protest could be received by him for one not known in the record, and no provision was made for substituting a party in record; that if a patent could issue in the name of a deceased person, the real party could proceed, in the name of such deceased person, to take out such patent, and do all such intermediate acts as were necessary in obtaining such patent.

By the Court, RHODES, J.:

Action to determine a contest arising in the Surveyor-General's office, respecting the right to purchase a tract of swamp and overflowed land. In May, 1864, Levi Baldwin made an application for the purchase of the land, under the provisions of the act of April 27, 1863. (Stats. 1863, p. 591.) On the 3d day of December, the survey was returned by the county surveyor to the Surveyor-General; and on the 13th day of March, 1865, it was approved by the Surveyor-General; and on the same day was recorded in the county surveyor's office. On the 26th day of May, 1865, Baldwin made his first payment on the land to the county treasurer, but that official never reported such payment to the Register of the State Land Office, as required by the fifteenth section of that act, and no certificate of purchase was issued to Baldwin, and it does not appear that he made any further payment either of principal or interest. On the 31st day of August, 1865, Baldwin executed a deed purporting to convey all his interest in the land to the party under whom the plaintiff claims; and on the first day of September, 1865, Baldwin died.

G. W. Doherty, under whom the defendants claim, made two applications, in the years 1869 and 1872, for the purchase of two parcels of the land mentioned in the application of Baldwin, and proceedings on his behalf were regularly had up to and including the issuing of certificates

of purchase—the second having been issued on the 13th day of August, 1872. The Register, in his order referring the contest to the District Court, recites that "on December 20, 1872, Levi Baldwin, by his attorneys, * * * filed in this office his protest against the issuance of patents to George W. Doherty for any portion of the land," etc. The plaintiff had judgment, and the defendants appealed.

The first section of the act of April 27, 1863, provides that twenty per cent. of the principal must be paid "within thirty days of the record of approval of survey or location, by the Surveyor-General in the county surveyor's office." Baldwin did not make any payment within thirty days after the approval of the survey was recorded in the county surveyor's office. It was held in *Eckart* v. *Campbell* (39 Cal. 258), and *Carpenter* v. *Sargent* (41 Cal. 559), that the provision of the statute requiring the first payment to be made within the designated time was mandatory, and that the treasurer could not be compelled to receive it after that time. It is conceded by the plaintiff that the last-mentioned case would, as authority, be decisive of the question here, if sections seven and eight of the act of April 9, 1861 (Stats. 1861, p. 141), had been considered and passed upon by the court in that case. That statute does not appear to have been cited or considered by the court, but, in our opinion, it was not involved either in that case or in the case at bar. The principal purpose of the act is, as stated in the title, "to provide for the annulling of certificates of purchase of lands sold on a credit, and declared forfeited for non-payment of interest or principal," and after having provided therefor, and for the issuing of new certificates upon a resale of the land, the act (section 7) provides that where, by neglect or otherwise, parties having purchased lands from this State, have failed to pay either interest or principal, at the time required by law, they shall have the right to make such payments, and thereupon shall have all the rights and privileges to which they would have been entitled had such failure to pay never occurred; provided, that this section shall not apply where such lands have been re-entered by third parties." The eighth section relates to

payments which had already been made, but not in proper time. The purchasers mentioned in the act are those to whom certificates of purchase were issued; and the interest and principal referred to, are the sums falling due for interest or principal, after the certificates were issued. The act does not relate to the money required to be paid before the certificates are issued—before the applicants for the purchase of the lands had become purchasers. Had that act been considered by the court in *Carpenter* v. *Sargent*, the conclusion would have been the same as that which was announced, for the act has no bearing on the question of the effect of a failure to make the first payment within the time prescribed by law. Upon the authority of the cases above cited, we hold that the statute prescribing the time at which the first payment is to be made, is mandatory, and consequently the applications of Doherty to purchase the land, which were presented after Baldwin had made default, were legal and proper; and he having thereafter pursued the statute, he and his assignees are entitled to hold the certificates of purchase issued to Doherty.

The contest in the office of the State Register was initiated by the filing of a protest in the name of Baldwin, and the Register's order is to the effect that Baldwin, having demanded that the contest be referred to the proper court for adjudication, it is therefore ordered that the parties be referred to the District Court, etc. Baldwin, having died long before Doherty made his application to purchase the lands, it is difficult to see how he, Baldwin, could file a protest or make a demand for the reference of a contest to the District Court, or appoint an attorney for that purpose. In other words, the acts purporting to have been performed by his attorneys, were unauthorized and void, and, being such, did not initiate a contest in the State Register's office. The District Court has no jurisdiction, under the act of 1868, to determine such contest, unless it has been set on foot in the Register's office, by a demand made by one of the parties that a trial be had in the proper court, or unless, in the judgment of the Register, a question of law is involved, and the Register so certifies.

Judgment reversed and cause remanded. with directions to dismiss the action.

Neither Mr. Chief Justice WALLACE nor Mr. Justice McKINSTRY expressed an opinion.