[No. 4663.]

## JAMES T. CUNNINGHAM *v.* JOHN CROWLEY.

APPLICATION TO BUY STATE LANDS.—An application to purchase State lands, made under the statute of 1863, must have been accompanied by the affidavits of three disinterested persons, stating that the applicant was a resident of this State, and that the lands were not occupied by any person except the applicant.

IDEM.—It was improper to issue a certificate of purchase under said act unless such affidavit accompanied the application to purchase.

CONTEST OVER RIGHT TO PURCHASE STATE LAND.—If a certificate of purchase of State lands is improperly issued by the Register, a subsequent applicant to buy the same land may raise a contest in the office of the Register as to the right to purchase the land, and the Register may refer it to the court for trial, and the court may annul the certificate and grant the right to purchase to the subsequent applicant.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Cruz.

On the 10th day of September, 1866, the defendant filed in the office of the State locating agent an application to purchase the southwest quarter, and the west half of the southeast quarter of section six, and the north half of the northwest quarter of section seven, township nine, range three west, Mount Diablo meridian. The application was defec-

tive because it waa not accompanied by the affidavit mentioned in the opinion. The lands were applied for in lieu of the north half of section thirty-six, township nine north, range eighteen west, San Bernardino meridian, which had been taken from the State by a private claim. The land was relinquished to the State on the 1st day of January, 1871, and the Surveyor-General of the State approved of the application on the 21st day of January, 1871, and issued to the defendant a certificate of location conditioned that the defendant should pay the county treasurer twenty per cent. of the purchase-money in fifty days, and the first year's interest. On the 16th day of March, 1871, the defendant paid the money to the county treasurer, and thereupon the Register issued to him a certificate of purchase. On the 31st day of December, 1872, the plaintiff filed with the Surveyor-General an application to purchase the same land, and afterwards filed in the land office a protest against the issuance by the Register of any evidence of title to the land, and demanded that the contest be referred to the District Court for trial. Thereupon the Register of the State land office made an order referring the contest to the District Court for trial. The plaintiff thereupon commenced this action. The court below held that the certificate of pur-. chase was void, and rendered judgment annulling the defendant's certificate of purchase and that the plaintiff was entitled to purchase the land.

The defendant appealed.

*George A. Nourse,* for the Appellant.

The Court has no jurisdiction of the subject-matter of the action. In contests arising under the section, the court acquires jurisdiction only from the order made (and a certified copy thereof filed in the District Court), by "the officer before whom the contest is made." The statute says in section 17: "The proffer of a certified copy of the entry, etc., shall give said District Court full and complete jurisdiction to hear and determine said conflict."

In the case at bar, there is no contest before the Register. The complaint shows that plaintiff's trouble was entirely

with the Surveyor-General. He was seeking from *that* officer the "approval of a * * * location," not asking from the Register a "certificate of purchase or other evidence of title." That could only come to him after the Surveyor-General should have approved his location, and he himself have paid his purchase-money, and produced to said Register the statement of the county treasurer to that effect. (Sec. 23 and Sec. 4, Act of March 28, 1868, pages 512 and 508, Laws of 1867–8.)

The State of California was not made a party plaintiff. How can a certificate of purchase, issued by the State of California to a purchaser of land from the State of California, be vacated and set aside at the suit of a third party, not even in privity with the State?

There is no *privity* between the State and the plaintiff, who has only applied to buy the land; who has paid no money therefor; whose application is not even yet approved, and who did not apply to purchase until the land had been *de facto* (whether *de jure* or not) already sold to defendant, surely is apparent upon mere inspection.

*J. H. Logan and T. H. Laine*, for the Respondent.

It could not have been true in this case that the contest was before the Surveyor-General. The complaint shows (and it is not denied by the answer) that defendant's application had been approved by the Surveyor-General in January, 1871, and he had in said approval ordered the defendant to make the first payment within fifty days, but that defendant had failed so to do, and the register, in violation of law and of the terms of said approval, had issued a certificate of purchase to defendant, and that the plaintiff had subsequently taken steps to purchase the land of the State, and filed a protest with the register, against his issuing to defendant further evidence of title, and demanded a trial in the courts—hence the contest was before that officer. There was nothing before the Surveyor-General for the plaintiff to contest. Neither of the State land officers can make an order of reference until a protest is filed. Any claimant may attack the position of another. The appellant, had he

desired to do so, might have brought on a contest before the Surveyor-General by filing a protest which raised some question of law or fact. And in order to do this he would necessarily have to go before the Surveyor-General to inaugurate his contest there. But the respondent being the actor, he had to attack his adversary before the register, which he did in due form, under section seventeen, by showing that appellant was not entitled to purchase the land, or to hold the certificate he had illegally acquired, or to receive a patent thereon.

Counsel's second point is somewhat novel. He claims that his demurrer should have been sustained, because the State was a necessary party to the suit, and was not made a party plaintiff. This would place the plaintiff in a serious dilemma. He has no way to compel the State to join him as plaintiff. True, our statute provides that where a party who should be plaintiff, refuses to join as such, he may be made a defendant; but the State being a sovereign, cannot be sued unless by her own consent, given by act of Legislature, and such consent has not been given. But the statute ignores any such course; it provides that parties to contests of this kind may bring such actions.

By the COURT:

The defendant's application for the location of the lands in contest was insufficient. The statute of April 27, 1863 (p. 593), under which the application for the location was made, requires that the application be accompanied by the affidavit of three disinterested persons, stating, among other things, that the applicant is a resident of the State, and that the lands were unoccupied by any person except the applicant. The affidavit, filed on behalf of the defendant, failed to state those facts. After the location was approved, the defendant failed to make payment within the time required by the statute. The defendant, not insisting that the proceedings on his part were sufficient to authorize the issuing of the certificate of purchase, contends that the court has no jurisdiction of the subject-matter of the action, and that the certificate of purchase is not void, but at most only

voidable at the suit of the State, and not at the suit of a private party who claims under proceedings subsequent to those under which the certificate issued to the defendant.

In respect to the first point, the defendant's position is, that the court acquires jurisdiction only by virtue of the order made and certified by the officer before whom the contest arose, and that in this case there was no contest before the register—the officer who made the order referring the contest to the District Court for trial. The plaintiff attacks the defendant's certificate of purchase, which had been issued by the register. If the defendant rightfully holds the certificate of purchase, the plaintiff has no right to have his application approved by the Surveyor-General, but if the certificate was improperly issued, then the plaintiff may proceed with his application. There is no contest between the parties in the Surveyor-General's office, for the contest relates to the right of the defendant to the certificate of purchase already issued to him, and as that was issued by the register and not by the Surveyor-General, no contest could arise in the office of the latter in respect to the validity of the certificate. We are, therefore, of the opinion that the register was the proper officer to make and certify the order, referring the contest to the proper District Court for trial. In so holding, however, we are not to be understood as determining that an order in such case, signed by the "Surveyor-General" (who is ex officio the register), would not be sufficient.

In support of the point, that the State is the proper party to a proceeding to set aside a certificate of purchase, and that an action having that object cannot be maintained by a private person, who bears no other relation to the land than as a subsequent applicant for its purchase, the defendant relies upon the principles of law applicable to proceedings for the annulment of patents, instituted in courts of equity, where there are no special statutory provisions in respect to the parties to the proceeding. But those principles have no application here, for the statute determines who are the proper parties to a proceeding of this character. The seventeenth section of the statute of 1868 (Stats. 1867–8,

p. 511), and both the statutes previously in force, and the Political Code, contains similar provisions—provides for cases of a contest concerning the approval of a survey or location, or concerning a certificate of purchase, *or other evidence of title,* directs the proper officer to make an order referring the contest to the proper District Court, and provides that *either party* to the contest may bring an action in such court to determine such contest.   The purpose of the action is not to annul the certificate of location or purchase, or other evidence of title; but if both of the parties are applicants for the purchase of the lands, the purpose is to procure a determination of the question, as to which applicant has the better right to purchase them; or, if the contest has its origin in a protest, filed by a person who is not seeking to purchase the lands from the State, the purpose of the action is to determine whether the party, against whom the protest is filed, has the right to purchase the lands; and the annulment of the certificate of purchase, or other evidence of title, is merely a consequence of the determination that the party holding it was not entitled as against the other party, to effect a purchase of the lands.   In other words, the statute provides a mode by which, and the parties in whose name an action may be instituted to determine which party has the better right to purchase the lands, where there are contesting applicants, or to determine, in case of a mere protest, whether the party against whom the protest is filed, is entitled to make the purchase; and as the statute declares that either party to the contest may bring the action, there is no ground upon which the position, that the State is a necessary party, can be sustained.

Judgment affirmed.