[No. 6,641.]

POLLARD v. PUTNAM.

STATE LANDS — APPLICATION TO PURCHASE — CONTEST. — An application to purchase. State lands, made in accordance with law, gives the applicant, as against the State—so long as the statute remains in force—a privilege to purchase the land applied for; and as against the officers of the State, and subsequent applicants, it gives him a *right* to purchase, which can only be lost by his own failure to pursue the subsequent steps prescribed by the statute, and of which he cannot be deprived by the malfeasance or misfeasance of any of the officers. Accordingly, in an action upon a reference by the Surveyor-General—under § 3414 of the Political Code—of a contest between applicants to purchase State lands, where it appeared that the appli-

cation of the defendant was regular, and prior to that of the plaintiff, but that the Surveyor-General had approved the application, and issued the certificate of purchase before the expiration of the sixty days required by § 3498 of the Political Code: *Held*—admitting that the approval and certificate were void—that the validity of defendant's *application* was not affected thereby.

ID.—ID.—ID.—CONSTITUTIONAL LAW—CONSTRUCTION—REPEAL OF STATUTE.—The original judgment remanded the cause, with instructions to the lower Court to enter judgment for the defendant. Upon the application for rehearing, (cited *infra*) the judgment was modified so as to direct a new trial.

APPEAL from a judgment for the plaintiff, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the opinion.

*H. T. Hazard,* for Appellant.

We submit that our application, being prior in time, and in due form of law, we cannot be defeated by a premature approval by the Surveyor-General of our application. (*Hinckley* v. *Fowler,* 43 Cal. 56.)

*J. W. Stump,* for Respondent.

The approval of Putnam's application was in violation of § 3498, of the Political Code, and therefore null and void; and there was no authority for the issue of the certificate. (*Christman* v. *Brainard,* 51 Cal. 534; *Cunningham* v. *Crowley,* 51 Id. 128.)

*R. M. Widney,* for Respondent (on application for rehearing in bank).

By § 3, art. 17, of the Constitution, it is provided that "lands belonging to the State, which are suitable for cultivation, shall be granted *only to actual settlers.*" This operated as a repeal of the law for the sale of State lands. (§ 1, art. 22, Const.) To this condition of the law, the attention of the Court was not directed. "The repeal of an act which authorized a course of proceedings by a public officer, *invalidates* the proceedings, if unfinished, at whatever stage they have arrived." (*Lamb* v. *Schottler,* 54 Cal. 319; *McDonald* v. *Patterson,* Id. 245.) The section of the Constitution referred to prohibits the sale of

this land to the defendant; for it is admitted that he is not an actual settler, and that the plaintiff is. This provision is *mandatory.* (§ 22, art. 1, Const.)

Department No. 1, Morrison, C. J. :

Section 3414 of the Political Code provides, that when a contest arises before the Surveyor-General, concerning a certificate of purchase, or other evidence of title, involving a question of law, he must make an order referring such contest to the District Court of the county in which the land is situated; and § 3415 of the same Code provides that after such order is made either party may bring an action in the District Court of the county in which the land in question is situated, to determine such conflict. In this case such a contest arose, and an action having been brought by plaintiff in the late District Court of the Seventeenth Judicial District, judgment was rendered in his favor on the 24th day of April, 1878. This appeal is taken from that judgment.

There is no conflict in the evidence, and the facts disclosed by the transcript are as follows: On the 30th of November, 1875, defendant made application in due form of law, for the purchase of the land in controversy; on the 4th day of December, 1875, the Surveyor-General approved said application, and on the 18th of December, of the same year, a certificate of purchase was issued in favor of Putnam, the defendant. On July 30th, 1877, the plaintiff filed with the Surveyor-General of the State his application to purchase the same land, his application being in due form of law. It further appears from the transcript, that plaintiff entered upon the tract of land in controversy, and took possession thereof on the 19th day of June, 1869, under a deed from one J. P. Widney, and that there was not then, nor has there been since that time, any adverse occupation thereof.

It will be observed that the application of defendant was made on the 30th day of November, approved on the 4th of December, and the certificate of purchase issued on the 18th of December. This was in violation of § 3498 of the Political Code, which reads as follows: "All applications filed in the Sur-

veyor-General's office must be retained *sixty* days before approval."

In *Cunningham* v. *Crowley*, 51 Cal. 128, the Court say: " The purpose of the action is not to annul the certificate of location or purchase, or other evidence of title; but if both of the parties are applicants for the purchase of the lands, the purpose is to procure a determination of the question as to which applicant has the better right to purchase them; *   *   * and the annulment of the certificate of purchase or other evidence of title, is merely a consequence of the determination that the party holding it was not entitled as against the other party to effect a purchase of the lands." We are not informed of the grounds upon which the learned Judge of the District Court based his decision in favor of the plaintiff, but the only point made in the brief of plaintiff and respondent is, the invalidity of the approval and certificate of purchase, the approval having been made and the certificate having been issued in violation of § 3498 of the Political Code.

Conceding that the approval was made and the certificate was issued before the time allowed by law, (and that they were void is not denied) would it follow therefrom as a conclusion of law that the rights of the defendant, acquired by virtue of his prior application, would be absolutely lost? The point made in respondent's brief is, that the defendant holds his certificate wrongfully, and cannot take advantage of his own wrong; and plaintiff had the right to proceed with his application, and it was within the power of the Court to give the better right to purchase to the plaintiff." In support of this proposition, the Court is referred to the case already cited (*Cunningham* v. *Crowley*, 51 Cal. 128). But that case fails to support the conclusion of the learned counsel for respondent. That case simply holds that the application was insufficient to warrant the issuing of a certificate. In the case now being considered, there is no pretense that the application is not in all respects regular and sufficient, but it is simply claimed that the action of the Surveyor-General in the premature approval of the application was void. Did the illegal action on the part of the Surveyor-General render defendant's application null and void, and give precedence

to a subsequent application? We are of opinion that it did not.

In the case of *Hinckley* v. *Fowler*, 43 Cal. 63, the late Chief Justice, delivering the opinion of the Court, said: "The application of Fowler, thus made in accordance with law, gave him, as against the State, so long as the statute remained in force, a privilege to purchase the land he applied for. As against the officers of the State, and all applicants for the same land subsequent in point of time, it conferred upon him a *right* to purchase, which could only be lost by his own failure to pursue the further steps which the statute had prescribed. The malfeasance or misfeasance of any. of the officers could not deprive him of the benefit of his application, nor operate to postpone him to the claim of a subsequent applicant."

The transcript does not show any failure on the part of the defendant to pursue further steps prescribed by the statute, whereby his prior claim, arising out of the priority of his application, was forfeited or lost to him; and the foregoing case establishes the principle that the rights of the applicant could not be affected by the malfeasance or misfeasance of any of the officers.

This is the only point made in the briefs, and if there is any other question involved in the case, counsel have failed to direct our attention to it.

Our conclusion is, that the rights of the defendant are prior and superior to those of the plaintiff, and that therefore he is entitled to judgment.

The judgment is reversed and the cause remanded, with instructions to the Court below to enter judgment in favor of the defendant.

McKINSTRY, J., and McKEE, J., concurred.

Upon the petition for rehearing, in bank, the judgment in this case was modified so as to read as follows: "The judgment is reversed, and the cause remanded for a new trial."