[No. 11183.   Department Two.—January 29, 1886.]

JOHN G. EADS, RESPONDENT, *v.* R. W. CLARKE ET AL. POMONA LAND AND WATER COMPANY, INTERVENOR AND APPELLANT.

STATE LAND—CONTEST AS TO RIGHT TO PURCHASE—ACTION TO DETER-MINE—ORDER FOR TRIAL—CERTIFIED COPY OF—JURISDICTION.— Under sections 3414 and 3415 of the Political Code, the Superior Court obtains jurisdiction of an action to determine a contest between con-flicting claimants of the right to purchase state land, which has been referred to it for trial, although the certified copy of the order for trial does not affirmatively show that the order was entered in a record-book in the office of the surveyor-general. If the surveyor-general certifies that the copy of the order is a copy of a document on file in his office, it will be presumed that the order was regularly entered in a record-book.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Byron Waters,* for Appellant.

*Will D. Gould,* for Respondent.

FOOTE, C.—Eads, the plaintiff, instituted this action to determine whether he or defendant Clarke was entitled to purchase certain lands of the state of California. The Pomona Land and Water Company intervened, claiming to have acquired all the defendant's rights in the prem-ises.

The plaintiff recovered judgment, and from that the intervenor appeals.

The only point made by the appellant for the reversal of that judgment is, that the profert or order made by the surveyor-general, as required by law, was, as appears by the bill of exceptions, insufficient to give the Superior Court jurisdiction to try the action.

Section 3414, Political Code, which relates to matters such as the one in hand, is as follows: "But when in the judgment of the officer a question of law is in-

volved, or when either party demands a trial in the courts of the state, he must make an order referring the contest to the District Court of the county in which the land is situated, and must enter such order in a record-book in his office." By law, the Superior Court of such county is now the tribunal substituted for the former District Court.

Section 3415 of the Political Code is as follows: "After such order is made, either party may bring an action in the Superior Court of the county in which the land in question is situated, to determine the conflict, and the production of a certified copy of the entry, made by either the surveyor-general or the register, gives the court full and complete jurisdiction to hear and determine the action." Hence by law it is required that an order of reference be made by the proper officer, and that the production of a certified copy of the same as entered in the record-book in that officer's office, as proof to the Superior Court that the order had been duly made, shall be sufficient to give that court jurisdiction to try the issue. The copy of that order and the certificate attached, called a "profert," are as follows:—

"STATE OF CALIFORNIA, OFFICE OF THE SURVEYOR-
GENERAL, *ss.*

"In the matter of the conflicting claims of R. W. Clarke and John G. Eads to purchase a certain tract of state school lands, lying and being situated in the county of San Bernardino, state of California, and more particularly described as the east one half section 14, township 1 south, range 8 west, San Bernardino meridian.

"On the thirtieth day of December, 1882, an application (1999) for the above-described land was filed in the office of the state surveyor-general by R. W. Clarke. This was approved May 3, 1883, certificate of purchase No. 8611 being issued thereon to said Clarke on the twenty-first day of May, of the year last above written.

"On the thirtieth day of August, 1883, an application

(No. 2066) for the above-described land was filed in the office of the state surveyor-general by John G. Eads.

"On the thirtieth day of April, 1883, Charles R. Johnson, register of the United States land-office for Los Angeles district, certified that there was no valid claim adverse to the claim of the state of California for all the land embraced in this controversy. A question of law being involved, and on demand of John G. Eads, one of the claimants aforesaid, filed August 30, 1883, in which the validity of the title obtained by the said R. W. Clarke was brought into question,—

"It is therefore ordered and directed that the contest as set forth as between the above-named parties be and the same is hereby referred to the Superior Court in and for the county of San Bernardino, state of California, for adjudication.

" In witness whereof I have hereunto subscribed my name and caused the seal of this office to be affixed at the city of Sacramento, state of California, on this fourteenth day of November, A. D. 1883.

H. I. WILLEY,
" State Surveyor-General and ex-officio Register State
    Land-office.

[SEAL.]          " Per E. TWITCHELL, Deputy.

" SURVEYOR-GENERAL'S OFFICE,
"STATE OF CALIFORNIA.

" I hereby certify that the annexed and foregoing is a copy of a document on file in my office; that said copy has been compared by me with the original, and is a correct transcript therefrom, and of the whole of such original.

" In witness whereof I have hereunto set my hand and affixed my official seal this fifteenth day of November, A. D. 1883.          H. I. WILLEY,
" Surveyor-General and ex-officio Register State Land-
    office.

[SEAL.]          " Per E. TWITCHELL, Deputy."

This was filed in the county clerk's office of San Bernardino County, November 17, 1883.

In the case now under discussion, it was filed June 4, 1885. From this it appears certain that the surveyor-general did make the order for trial in the Superior Court, and that the certified copy introduced in evidence shows that fact. But the appellant contends that to give that court jurisdiction to try the action it must affirmatively appear from the profert and certificate that such order was entered *in a record-book* in the *surveyor-general's* office. The certificate of the surveyor-general says of the instrument introduced in evidence, that it "is a copy of a document on file in my office."

Section 1963, Code of Civil Procedure, subdivision 15, provides that it is a disputable presumption, that is satisfactory if uncontradicted, "that official duty has been regularly performed." Therefore it is to be presumed that this order which the surveyor-general made was entered *in a record-book.*

Whether that record-book was simply one with blank leaves on which the original orders were pasted or otherwise attached in their original form, and was thus a book of original documents, or was in some other form, the record does not disclose. The fact that the original is designated "a document on file," in the surveyor-general's office, does not negative the presumption that it was entered in some kind of a record-book.

What the law requires is, that a proper order be made by the proper officer, that this be entered, the manner of entering not prescribed, in a record-book, the special kind of record-book not being prescribed, and that the production of a copy of such order thus made and entered, duly certified by the surveyor-general, shall give the court jurisdiction. In *Lane* v. *Pferdner*, 56 Cal. 122, this court, speaking of a point such as that made here, said: "The jurisdiction . . . . was special, and depended upon the fact that the surveyor-general had made an

order 'referring the contest.' The District Court passed upon the fact which gave it jurisdiction, which fact could be proved by the certified copy."

We are of opinion that the certified copy of the order in evidence in the case in hand was sufficient to justify the action of the Superior Court, which thereby passed upon the fact that the order referring the contest had been made by the surveyor-general and entered in some kind of a record-book, whether in a book of documents, papers, or entries is not disclosed by the record.

The judgment should be affirmed.

·BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.