[No. 11384.   Department Two. — July 28, 1886.]

JAMES TEMPLE GOULD, Respondent, v. F. D. LANTERMAN, Appellant.

State Lands — Application for Purchase — Approval by Surveyor-general — Subsequent Reference of Contest for Trial. — The approval by the surveyor-general of an *ex parte* application for the purchase of state land, if brought about by the fraudulent representations of the applicant, who had never been an actual settler upon the land, or entitled to purchase it, does not bar a subsequent applicant of his statutory right to have the contest between him and the prior applicant referred to the proper court for adjudication.

Id. — Order for Trial — Certificate of Surveyor-general. — *Eads v. Clarke*, 68 Cal. 481, affirmed to the effect that the Superior Court acquires jurisdiction of an action to determine such a contest, although the certified copy of the order for trial does not affirmatively show that the order was entered in a record-book in the office of the surveyor-general, if that officer certifies that the copy of the order is a copy of a document on file in his office.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The certificate of the surveyor-general referring the contest for trial recited the facts showing how the contest arose, and ordered that it be referred to the Superior Court of Los Angeles County for adjudication. The copy of the certificate offered in evidence on the trial, for the purpose of showing the jurisdiction of the court, was certified by the surveyor-general to the effect that it was a copy of a document on file in his office, and that it had been compared by him with the original, and was a correct transcript therefrom and of the whole thereof. The further facts are stated in the opinion.

*Chapman & Hendrick,* for Appellant.

The surveyor-general had power to determine the defendant's application to purchase, and his determination is final. (Pol. Code, sec. 3414; *Berry* v. *Cammet,* 44 Cal. 348; *Powers* v. *Leith,* 53 Cal. 711; *Dilla* v. *Bohall,* 53 Cal. 709.)

*Will D. Gould, J. S. Maltman,* and *W. W. Taylor,* for Respondent.

The certified copy of the order for trial was sufficient to confer jurisdiction on the court. (*Eads* v. *Clarke,* 68 Cal. 481.)

FOOTE, C.—This was a contest as to which of two individuals was entitled to purchase land of the state of California.

The complaint was demurred to, and the demurrer overruled; a trial was then had before the court without a jury, and judgment was rendered for the plaintiff; from which, and an order denying a new trial, the defendant appeals.

He contends that the court had no jurisdiction to try the cause, because the certificate of the surveyor-general of the state, by virtue of which only, as he alleges, could such jurisdiction be obtained, was insufficient. A similar certificate in all respects was held by this court in *Eads* v. *Clarke,* 68 Cal. 481, to fully meet all the requirements of the statute, and the reasons for such decision as there given it is not necessary here to repeat.

It is further contended that as the complaint stated the surveyor-general had approved the defendant's application before the plaintiff made his, that such fact, showing judicial action by that officer in favor of the defendant, barred any right of the plaintiff to have his contest determined by any other court, and hence his complaint did not state facts sufficient to constitute a cause of action.

Inasmuch, however, as the complaint also and in the proper connection charged such action of the surveyor-general was brought about by the fraudulent representations made to him by the defendant, and that the latter had never been an actual settler upon the land in controversy, or entitled to purchase it, and that the surveyor-general, when a second application was made for the land, referred the matter as between the parties making the first and second applications for a contest by proper certificate to the proper court, we are of opinion that such contention is not well founded.

And we cannot well perceive how the action of the surveyor-general in granting an application upon a statement of facts made by the defendant alone would bar the plaintiff, who afterwards made an application to purchase the land, of a *statutory* right to have the contest between him and the defendant settled by the proper court.

The jurisdictional act of the land officer in such a case could not by granting such an application bind one who was not a party to a proceeding so entirely *ex parte.*

To hold to such a doctrine as that for which the defendant contends would be to nullify the statute, and to enable the surveyor-general, as *ex officio* register of the land-office, to oust the Superior Courts of the state of their jurisdiction over such contests as the one in hand, when there is no law which gives him such power, or repeals the statute allowing such a contest.

We are of opinion that the evidence justifies the findings of the court, and that findings were made upon all the material issues raised by the pleadings.

The judgment and order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.