[No. 9873.  Department One. — May 19, 1888.]

## ABNER D. JACOBS, APPELLANT, v. J. B. WALKER, RESPONDENT.

SCHOOL LANDS — CERTIFICATE OF PURCHASE — CONTEST AFTER ISSUANCE OF. — A certificate of purchase of school land issued by the register of the state land-office is not conclusive of the right of purchase as against a subsequent applicant; and the latter, even after the certificate has issued, may institute a contest to determine the right of purchase.

ID. — PLEADINGS — GROUNDS OF PROTEST. — The complaint in the action to determine such contest need not allege the grounds of the plaintiff's protest filed in the office of the surveyor-general.

ID. — CERTIFICATE OF SURVEYOR-GENERAL TO ORDER OF REFERENCE. — The certificate of the surveyor-general to the copy of the order referring the contest for trial need not expressly state that the order had been entered in a record-book in his office.

APPEAL from a judgment of the Superior Court of Mendocino County.

The action was brought to determine a contest as to the right to purchase certain school lands. The certificate of the surveyor-general to the copy of the order referring the contest for trial was as follows: —

"Surveyor-General's Office,}
    State of California.      }

"I hereby certify that the annexed and foregoing is a copy of a document on file in my office; that said copy has been compared by me with the original, and is a correct transcript therefrom, and of the whole of such original.

"In witness whereof, I have hereunto set my hand and affixed my official seal this seventh day of July, A. D. 1884.          (Signed)          "H. I. WILLEY,

    [L. S.]          °          "State Surveyor-General."

The further facts are stated in the opinion.

*T. L. Carothers*, for Appellant.

*J. A. Cooper*, for Respondent.

FOOTE, C. — This is an action to determine a contest as which of the parties has the better right to purchase from the state certain school lands, and was initiated under an order of reference from the surveyor-general of the state of California to the superior court of Mendocino County.

At the time the order was made the defendant had applied to purchase the land in dispute, his application had been approved and a certificate therefor issued by the register of the state land-office.

Some time after that the plaintiff filed, in due form, an application and affidavit to purchase the same lands to which defendant held the certificate, and filed a verified protest in writing with the surveyor-general of the state against the issuance of any further evidence of title to any part of said lands to the defendant.

The lands had been, on the fifteenth day of March, 1876, certified over as state school lands, by the United States land-office.

The surveyor-general made the order of reference (upon the plaintiff's demand, on the seventh day of July, 1884), which was annexed to and made a part of the complaint. The defendant demurred to the compaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, the plaintiff declining to amend his pleading, judgment was given for the defendant, from which this appeal is prosecuted.

The principal point urged for the reversal of the judgment is, that the court below was in error in holding the defendant's certificate of purchase to be conclusive as against the plaintiff.

It has been repeatedly decided in this state by the supreme court that such a certificate is not conclusive, and that after it has issued, a contest as to the right to purchase may be made. (*Gilson* v. *Robinson*, 68 Cal. 542;

*Christman* v. *Brainard*, 51 Cal. 534; *Cunningham* v. *Crowley*, 51 Cal. 128; *Woods* v. *Sawtelle*, 46 Cal. 389.)

We think the complaint recites facts which show that the affidavit made by the plaintiff upon his application to purchase complied in all respects with the requirements of section 3495 of the Political Code.

It was unnecessary to state in the complaint *the grounds* of the plaintiff's protest filed in the surveyor-general's office.

The last point, viz., that the surveyor-general's certificate did not show that he ever entered any order of reference in a record-book in his office as required by section 3414 of the Political Code, is untenable, under the rule laid down in *Eads* v. *Clarke*, 68 Cal. 481.

The complaint stated facts showing a cause of action, and the judgment should be reversed, with directions to the trial court to overrule the demurrer, with leave to the defendant to file an answer within a reasonable time.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, with directions to the trial court to overrule the demurrer, with leave to the defendant to file an answer within a reasonable time.