[No. 12557. In Bank. — September 22, 1888.]

REFUGIO ESPINOSA, Appellant, v. THOMAS PHE-
LAN, Respondent.

State Lands — Contest — Order of Reference — Recital of Demand —
Jurisdiction. — A clerical error in the order of reference of a contest of
the right to purchase state lands, by an evident omission in the recital
of the demand for reference, should be disregarded, and will not affect
the jurisdiction of the superior court to determine the contest.

Id. — Demand for Reference. — The demand for reference of a contest of
the right to purchase state lands need not be made in writing.

Id. — Order of Reference by Deputy. — Whether the contest is initiated
by the protest and demand in the office of the register or surveyor-gen-
eral, under section 3414 of the Political Code, does not affect the validity
of an order of reference made by a deputy who acted in that capacity,
and signed and sealed the order for both register and surveyor-general,
the surveyor-general being ex officio register.

Appeal from the judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion.

Lee & Scott, for Appellant.

Stephen M. White, for Respondent.

Foote, C.—This is an action to determine a contest
as to which of the parties has a better right to purchase
certain school land from the state.

The court below dismissed the action upon the ground
that it did not have jurisdiction to try it, being of opin-
ion that there was no valid order of reference on file.
The order of reference, among other things, contained
this recital: —

"On October 14, 1886, a duly verified protest against
the issuance of a patent to said Thomas Phelan, or his
assigns, of said land, and a demand that all conflicting
claims to purchase said land was filed in the office of
the state surveyor-general by said Refugio Espinosa.

"It is therefore ordered and directed that the contest as set forth between the above-named parties be, and the same is hereby, referred to the superior court in and for the county of Los Angeles, state of California, for adjudication."

From this and the other portions of the order in question, it is evident to us that a contest had arisen in the office of the surveyor-general, and *ex officio* register of the state land-office, between Espinosa and Phelan, as to who had the better legal right to purchase the land therein mentioned from the state, and that the order of reference was made in consequence of a demand made by Espinosa.

It is true, there is evidently, by clerical error, an omission in the order to write after the word "demand" "be referred to the proper court of the state for trial," but nevertheless it is plain that the order was not made upon his own motion by the surveyor-general, *ex officio* register, but was made upon the demand of Espinosa. The words "it is *.therefore* ordered" refer to the "demand," previously recited as having been made by Espinosa, and must mean that the surveyor-general and *ex officio* register made the order of reference to the superior court of Los Angeles County, because of the demand of Espinosa that he should do so.

Nothing in the statute requires that such a demand should be made in writing.

Whether the contest was initiated by the protest and demand in the office of the register or surveyor-general, under section 3414 of the Political Code, did not affect the validity of the order which was made by the deputy who acted in that capacity, and signed and sealed the order for both register and surveyor-general. (Pol. Code, secs. 350, 497; *Cunningham* v. *Crowley*, 51 Cal. 132.)

We are of opinion that the court had jurisdiction to try the action, and that it should not have been dismissed. We therefore advise that the judgment and

order be reversed, and the cause remanded for further proceedings.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for further proceedings.