[15038. Department One.—June 3, 1893.]

W. E. McFAUL, APPELLANT, v. FREDERICK PFAN-KUCH ET AL., RESPONDENTS, AND THOMAS P. WOOD-WARD, APPELLANT.

SCHOOL LANDS—CONTEST OF APPLICANT AGAINST HOLDER OF CERTIFICATE OF PUR-CHASE—STATUTE OF LIMITATIONS.—An applicant for the purchase of school lands is entitled, upon an order of the surveyor-general, referring his contest to the superior court, to maintain an action for the determination of his right to purchase such land, as against one to whom a certificate of purchase has been issued, if the state is not barred by the statute of limitations from cancelling the certificate of purchase upon sufficient grounds, and no other statute of limit-ations is applicable to such a contest, if no patent has issued under the certificate.

ID.—STATE NOT A NECESSARY PARTY—JURISDICTION OF SUPERIOR COURT—ORDER OF SURVEYOR-GENERAL IN NATURE OF INTERPLEADER.—The state is not a neces-sary party to an action to determine whether the holder of the certificate of purchase was not entitled to purchase; but the order of the surveyor-general referring the rights of the parties to the superior court upon a proper contest, without which that court has no jurisdiction to act, is in the nature of a bill of interpleader and binds the state by the result of the action.

ID.—PRIORITY OF CONTESTANT WITH STATE—RIGHT OF CONTEST STATUTORY—CERTIFICATE OF PURCHASER NOT CONCLUSIVE.—The right of an applicant to purchase school lands to contest the right of a holder of a certificate of purchase is statutory, and it is immaterial whether he has any priority with the state, which is the paramount source of title; nor is he concluded by the certificate of purchase in such a contest, although the certificate is made prima facie evi-dence of title in a collateral proceeding as against an intruder.

ID.—FRAUD OF PURCHASER—INJURY TO CONTESTANT IMMATERIAL.—Whether the fraud of the holder of the certificate of purchase, in obtaining the certificate, is an injury to a subsequent applicant or not cannot affect his statutory right to contest the certificate.

ID.—RETURN OF PURCHASE-MONEY NOT REQUIRED.—The statute does not make it the duty of the contestant to refund the money paid by the purchaser for his certifi-cate of purchase, nor to offer to credit the purchaser with such payment, and he need not allege in his complaint an offer to return the purchase-money so paid.

ID.—Pleading—Contents of Application—Averment of Truth—General Demurrer. — Where the complaint of the applicant alleged the contents of his affidavit and application to purchase, which stated that he was an actual settler upon the land, and that he desired to purchase the land for his own use and benefit, and had made no contract or agreement to sell the same, and further alleged that "at the time of making said affidavit and application, all the matters and things therein stated were, ever since have been, and now are true," an objection that the complaint does not show that at the date of the commencement of the action the plaintiff was an actual settler upon the land, or that he then desired to purchase it for his own use and benefit, cannot be urged upon general demurrer.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*Carl T. Graef,* for Appellant, Thomas P. Woodward.

*T. L. Carothers,* for Appellant, W. E. McFaul.

*J. A. Cooper,* for Respondents.

HAYNES, C.—Respondent Pfankuch, on January 6, 1882, applied to purchase certain school lands from the state. His application was approved March 15, 1883, and on August 28, 1883, a certificate of purchase was issued to him. On August 7, 1891, appellant Woodward applied to purchase the same lands, and on October 5, 1891, appellant McFaul also applied to purchase said lands. Protests were filed by McFaul and Woodward, respectively, against the right of Pfankuch to purchase, and the surveyor-general referred the contests to the superior court of Mendocino County, and McFaul, in proper time, filed his complaint to determine the rights of the several parties to purchase. Woodward answered, and filed a cross-complaint against all the other parties. Reid and wife and Pfankuch demurred to McFaul's complaint and Woodward's cross-complaint. The demurrers were sustained, and judgment entered dismissing the said complaint and cross-complaint.

The Reids are alleged to have or claim some interest as assignees or purchasers from Pfankuch. The demurrers allege insufficiency of facts and the several statutes of limitation.

It is contended by respondents that McFaul and Woodward are not in privity with the paramount source of title, and are

therefore barred by the statute. Section 3414 of the Political Code expressly recognizes contests "concerning a certificate of purchase or other evidence of title." That contests of this character may be maintained after such certificate is issued has been repeatedly decided. (*Gilson* v. *Robinson*, 68 Cal. 539; *Gould* v. *Lanterman*, 70 Cal. 247; *Jacobs* v. *Walker*, 76 Cal. 175.) It has been held that a contest cannot be made before the surveyor-general in respect to the right to purchase land for which a patent has issued to one of the parties. (*Somo* v. *Oliver*, 52 Cal. 378.) Whether there is any other limitation than that arising from the issuance of the patent does not appear to have been decided.

Whether the state could be barred by lapse of time, where the patent has not been issued, it is not necessary to determine, as the statutory period for barring actions brought by the state had not expired. (Code Civ. Proc., sec. 315.) The state was therefore not barred from maintaining an action to cancel the certificate of purchase issued to Pfankuch, if sufficient grounds existed therefor. It is obvious that if the state is not barred it is at liberty to grant the lands to any one who has a right to purchase, and conforms to the requirements of the statute in that behalf, if it shall be found that the prior applicant was not entitled to purchase under his application; nor is the state a necessary party to an action to determine that question. (*Cunningham* v. *Crowley*, 51 Cal. 132, 133.) The statute provides how that question shall be determined. It is not a question that the plaintiff may litigate of his own mere volition. A preliminary step must be taken by invoking the action of the surveyor-general, and the order of that officer referring the rights of the parties to the determination of the superior court is not only necessary to enable the plaintiff to invoke the action of the court, but without such order the court has no jurisdiction to hear or determine the rights of the parties. (Pol. Code, sec. 3415; *Allen* v. *Dake*, 50 Cal. 80; *Keema* v. *Doherty*, 51 Cal. 3; *Vance* v. *Evans*, 52 Cal. 93; *Danielwitz* v. *Temple*, 55 Cal. 42.) The order made by the surveyor-general is in the nature of a bill of interpleader, and binds the state by the result of the action, in which each of the applicants to purchase becomes an actor, and must establish his right to purchase to entitle him

to judgment; and the surveyor-general or register, as the case may be, must issue the certificate of purchase, or other evidence of title, in accordance with the judgment. (Pol. Code, sec. 3416.) If by lapse of time the first applicant has acquired a right to the land, which, although invalid in its inception, the state could not resist, he must prevail; but if the state is not barred from asserting the invalidity of his application and the certificate based thereon, it does not lie in his mouth to say that the state shall not grant it to a subsequent applicant. Respondent's contention would therefore result in applying the statute of limitations prescribed for the individual in matters in which the state has no concern, and bar the state in a shorter period than that which it has prescribed for itself.

But it is further contended that appellants are not in privity with the state, which is the paramount source of title. That is, however, an immaterial question; for though they have no common-law right of action based upon their relation to the state or to the land, they have a statutory right, the statute itself being based upon a sound public policy, making the self-interest of the citizen the most effectual guard against fraud the state could devise.

Again, it is argued in effect that the certificate given to Pfankuch vested the title in him; that when the land is purchased and paid for it is no longer the property of the state; and to the last part of this proposition cases from the supreme court of the United States are cited. But these decisions are based upon a different statute. There a certificate of purchase is not given until proof is made that the law has been complied with, and the full amount of the purchase paid. Here the certificate is based upon the application to purchase and the payment of the first installment of the purchase-money. (Pol. Code, sec. 3514.) This section, it is true, makes the certificate *prima facie* evidence of title—a title sufficient to protect the purchaser against a mere intruder, but which does not conclude the state, nor any one authorized by the statute to contest it. Appellants, if they have brought themselves within the statute, cannot be obnoxious to respondent's charge that they are "mere intruders." To hold that they are concluded by the issuance of the certificate to Pfankuch would be to nullify the statute; whilst to make it

*prima facie* evidence of title in a collateral proceeding, as in ejectment against an intruder, or in an action of trespass, is consistent with and sustains the statute. *People* v. *Shearer,* 30 Cal. 648, cited by respondents, involved the question of the right of the state to tax the lands of a pre-emptioner under the United States prior to the purchase, and has no application here. *Churchill* v. *Anderson,* 56 Cal. 56, also cited by respondents, is not in point. There a patent had issued to the plaintiff, and defendants' application to purchase had been denied. The action, therefore, could not be under this statute, and the court held that he did not by his application to purchase, filed and rejected after the patent had issued, acquire such *status* as authorized him to claim that the legal title which had passed to plaintiff by the patent should be held in trust for him.

Again, it is contended that the fraud of Pfankuch did not injure appellants, and, therefore, furnishes no ground of relief. As an abstract proposition of law, it is true that fraud without injury furnishes no ground of relief; but it is quite sufficient to say in reply that the statute gives the right of action ; nor is it quite clear that a citizen of the state, who has the right under the statute to purchase a certain parcel of land, and desires to purchase it, is not injured if he is prevented from doing so by a prior fraudulent attempt of another to purchase the same land.

Again, it is urged that neither the complaint nor the cross-complaint contains any offer to return the purchase-money paid by Pfankuch. The statute does not make it the duty of the contestant to refund to him the money he has paid, nor offer to credit appellants with such payment, and, therefore, if appellants reimbursed him, they would in effect be required to pay a greater price for the land than that fixed by the state, and at which they were entitled to purchase. Neither of the appellants received any money from Pfankuch or the Reids, nor any credit or right of credit from the state upon their proposed purchase, and, therefore, the cases cited by respondents (*United States* v. *White,* 9 Sawy. 131, and *People* v. *Bryan,* 73 Cal. 377) have no application. Those were actions to annul patents brought by the United States and this state respectively, who had issued them, and who had received, and then had the money paid by the defendants.

Respondents further insist that there are other defects in the said complaint and cross-complaint which are fatal to their sufficiency.

As to the complaint, it is said that there is no allegation that plaintiff desires to purchase the land for his own use and benefit, nor that he has made no contract or agreement to sell the same, etc.   All these matters, it is conceded, are alleged in paragraph 3 of the complaint to have been stated in plaintiff's affidavit made October 6, 1891, and filed in the office of the surveyor-general, and which constituted his application to purchase; and in paragraph 4 of the complaint it is alleged: "That at the time of making said affidavit and application, all the matters and things therein stated were, ever since have been, and now are true." This, it is said, does not show that on December 9th, the day the complaint was filed, he was an actual settler upon said land, or that he then desired to purchase for his own use and benefit, etc.  We think the complaint is not justly subject to the criticism made; but even if it were, such objection should have been taken upon the ground of uncertainty or indefiniteness, and is not reached by a general demurrer.  It is required by the code that special objections of this character shall be directly called to the attention of the court and the pleader, so that if deemed defective in point of form or of certainty an amendment may be made.

The objections to the cross-complaint are entirely similar. The affidavit and application of purchase were attached as exhibits, and in the body of the cross-complaint were properly referred to and averred to be true at the dates of making and filing and ever since.

The judgments appealed from should be reversed, and the court below directed to overrule both demurrers, with leave to answer.

Searls, C., and Vanclief, C., concurred.

The judgments appealed from are reversed, and the court below is directed to overrule both demurrers, with leave to answer.

Harrison, J., Garoutte, J., McFarland, J.