[Nos. 4760–4771.]

## THOMAS VANCE v. DAVID EVANS.

JURISDICTION OF CONTEST BETWEEN APPLICANTS TO PURCHASE STATE LANDS. The only contest in respect to the right to purchase State lands, of which the District Courts have jurisdiction, are those which arise in the Surveyor-General's or Register's office.

WHEN JURISDICTION DOES NOT ATTACH.—A District Court has no jurisdiction of an application to purchase lands filed after the order referring the contest to such Court for determination.

REQUISITES OF APPLICATION.—The applicant must state in his application that there is no claim to the land for which he applies, other than his own, as required by sec. 3408 of the Political Code.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

The facts are stated in the opinion.

*Chamberlain & De Haven*, for Vance.

*Buck* and *Stafford*, for Evans.

By the Court, RHODES, J.:

Contest for the purchase of the east half of section thirty-six, township seven north, range one east, Humboldt Meridian. The township was sectionized May 28th, 1873; the plat was

approved August 14th, 1873; and was filed in the proper United States Land Office October 2nd, 1873. The defendant's first application for the purchase was filed May 30th, 1873; and the plaintiff's application was filed August 25th, 1873. The second application of the defendant was filed November 4th, 1874. The Court below dismissed the action, and both parties have appealed from the judgment.

The Court had no jurisdiction of the defendant's second application, as it was filed after the order was made referring the contest to the District Court for determination. The only contests in respect to the right to purchase lands of which the District Courts have jurisdiction are those which arise in the Surveyor-General's or the Register's Office, and none had arisen in either of those offices concerning the defendant's second application.

Neither of the other applications was sufficient, under the provisions of sec. 3408 of the Political Code; for the reason, among others, that neither applicant states that there is no claim to the land other than his own, as required by that section.

Mr. Chief Justice WALLACE did not express an opinion.