[No. 7,128.—Department No. 1.]

DANIELWITZ v. TEMPLE ET AL.

STATE LANDS—CONTEST—JURISDICTION.— The judicial department of the State has no jurisdiction of a contest between opposing applicants for the purchase of State lands, unless it has been specially referred to a Court by the Surveyor-General, or Register of the State Land Office, under § 3415 of the Political Code; and, as a jurisdictional fact, the order must be proffered or averred in the complaint, and proved.

APPEAL from a judgment for defendant, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the opinion.

*Henry T. Hazard*, for Appellant.

*A. W. Hutton*, for Respondent.

By the COURT (from the Bench):

The action was dismissed by the Court below, upon the ground that the complaint did not show, by proper averments, that the alleged contest between the parties had been, by order of the Surveyor-General, referred to the Court for trial. The judicial department of the State has no jurisdiction of a contest between

opposing applicants for the purchase of lands belonging to the State, unless it has been specially referred to a Court by the Surveyor-General or Register of the State Land Office, according to the provisions of the act for regulating the sale of such lands. It is by virtue of the order of reference that a Court acquires jurisdiction to hear and determine the contest, and as a jurisdictional fact, the order must be proffered or averred in the complaint, and proved. In *Berry* v. *Cammet*, 44 Cal. 347, the Court says: " In order to give a Court jurisdiction of a controversy arising between applicants for the purchase of lands of the State, the facts conferring jurisdiction must be stated in the complaint."

There is no error in the record.

Judgment affirmed.

[MORRISON, C. J., sat in the foregoing case in the place of Ross, J., the latter being disqualified and taking no part in the decision.]