[No. 11248.   Department One. — January 30, 1886.]

LORENZO D. GAVITT, RESPONDENT, v. JACOB MOHR, APPELLANT.

STATE LANDS — PURCHASE OF — APPLICANTS MUST BE ACTUAL SETTLERS. — Under section 3 of article 17 of the constitution, and section 3495 of the Political Code, a claimant to purchase from the state a tract of its land which is suitable for cultivation, must be, at the time of filing his application, an actual settler thereon.

ID. — ACTUAL SETTLER DEFINED. — An actual settler upon land belonging to the state is one who establishes himself upon the land, or fixes his resi

dence upon it, to take possession for his exclusive occupancy and use, with a view of acquiring title to it by purchase from the state. For that purpose, an actual entry upon the land, followed by the making of improvements, or building a house thereon in which to reside, and occupation of the land while doing such acts, are evidence of such a settlement as gives to the occupant, if he possesses the qualifications prescribed by law, an inchoate right to purchase the land, and operates as notice to all the world of the right.

Id. — FINDINGS. — The findings that the defendant was not an actual settler upon the land at the time of filing his application to purchase, and that the land was unoccupied at the time the plaintiff filed his application, *held*, not supported by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. R. Scott*, and *F. H. Howard*, for Appellant.

*A. W. Hutton*, for Respondent.

McKEE, J.—This action was brought to have determined which of two applicants had the right to purchase from the state a tract of agricultural land situate in Los Angeles County, and known as the north half of section 36, township 6 north, range 12 west, San Bernardino meridian lines.

It is conceded that the thirty-sixth section, of which the land involved in the contest is part, belonged to the state; that prior to April, 1872, the township was surveyed and sectionized by the United States, and that the plat of survey was approved and filed in the local United States land-office of the district in which the land is situate.

The first application to purchase was made by defendant. On the 6th of June, 1884, he caused to be filed his affidavit in due form, made under the provisions of title 8, part 3, of the Political Code (Pol. Code, sec. 3495), paying all the fees and charges of the application; and at the time of making and filing his application, he had

the qualifications prescribed by law for becoming a purchaser from the state.

The application of plaintiff was not made and filed until sixty days after defendant's application had been filed. On the 11th of August, 1884, he made his affidavit, in due form, under the provisions of the same law, and filed it with the surveyor-general of the state, paying the costs and charges, and he also was, at the time of his application, possessed of the qualifications requisite to purchase.

The court decided in favor of plaintiff, finding "that, prior to any settlement upon the land by defendant, the plaintiff, on the 30th of July, 1884, entered and settled upon the land; that he has since continuously resided upon it; that he was an actual settler upon it on the 11th of August, 1884, when he made and filed his application to purchase it; and that the defendant was not an actual settler upon the land at the time of filing his application, nor an occupant of it at any time prior to the 5th of August."

Section 3 of article 17 of the constitution declares: "Lands belonging to this state, which are suitable for cultivation, shall be granted only to actual settlers, and in quantities not exceeding three hundred and twenty acres to each settler, under such conditions as shall be prescribed by law." And section 3495 of the Political Code, after prescribing the conditions and terms for purchasing cultivable land from the state, provides that an applicant, to purchase, must make and file an affidavit in the office of the surveyor-general of the state, setting forth the qualifications of the applicant, the character and condition of the land which he wants to purchase, whether the land is or is not suitable for cultivation, and if it is, that the applicant is an actual settler thereon. Under the law, therefore, a claimant, to purchase from the state a tract of its cultivable land, must be, at the time of filing his application, an actual settler.

An actual settler upon land belonging to the state is one who establishes himself upon the land, or fixes his residence upon it, to take possession for his exclusive occupancy and use, with a view to acquire title to it by purchase from the state. For that purpose, an actual entry upon land belonging to the state, followed by making improvements upon it, or building a house thereon in which to reside, and occupation of the land while doing such acts, are evidence of such a settlement as gives to the occupant, if he possesses the qualifications prescribed by law, an inchoate right to purchase the land, and operates as notice to all the world of the right.

Now, the finding that defendant was not an actual settler when he applied to purchase the land is founded upon evidence which tended to show "that, on the 27th of May, 1884, he caused a survey of the land to be made, had hauled upon it about twenty dollars' worth of lumber, with which he, assisted by a companion, commenced to build a house eight by ten feet; that he had laid the foundation of the house, consisting of two-by-four timbers, had erected at each corner two corner-boards, which were joined on top by two-by-four cross-pieces ready for the sides and for the rafters of the roof; also had cut part of the boards for the sidings, and put down a temporary floor, which he and his companion, while working on the house, occupied until early in June, 1884, when defendant went to Los Angeles to make his application to purchase, and having done so, returned to the land, when he was taken ill, and about the 7th of June he left the land, and went to the house of a friend, several miles away, where he lodged during his sickness, until about the 1st of August, except that, at occasional intervals in the months of June and July, he returned to the land, resumed work upon it, and by the last of July he had the house roofed in and furnished with a bed, a table, and some boxes, and he himself went into the house

about the 5th of August, and since then he has continuously resided there."

That being the evidence of the defendant's settlement, the question arises, whether it warrants the finding that defendant was not an "actual settler" on the sixth day of June, the day that he made and filed his application to purchase the land from the state.

We think the evidence sufficiently showed that the land was subject to settlement when the defendant entered upon it; that he entered to make a settlement thereon, and that, in the exercise of his right, he began making his improvements upon the land with a view to future occupancy and residence thereon. These acts, and the occupation of the land while engaged in performing them, gave the defendant the *status* of an actual settler in the sense of the law which authorized him to purchase; and as he made and filed his application to purchase while engaged in the act of settlement, the law protected him for sixty days after settlement. (Pol. Code, sec. 3497.)

The finding that the defendant was not an actual settler at the time of filing his application is therefore against the evidence. ·

Appellant also challenges the finding that the plaintiff was an actual settler at the date of *his* application.

The finding is also based upon evidence which tended to show that in June, 1884, plaintiff was on the land for about ten days, and passed over it several times. At that time he saw no one in personal occupation of it, but there was some lumber on the land, and the appearance of the commencement of a house,—"there were sills and four corners put up, and about two hundred or three hundred feet of lumber there." Leaving the land in that condition, the plaintiff did not return to it until about the last of July, when he discovered that "some more work had been done on the shanty, and that it was about completed." At that time, according to the evidence, "the

shanty was eight feet by ten feet, nine feet high and seven feet in rear"; and as there was no one living in it, he, " on the 30th of July, 1884, entered and settled upon the land by pitching upon it a cloth tent in which he resided, and afterwards, he built on the land a corral sixteen feet long and eighteen feet wide, one side of which was a cedar thicket, in which he stored some hay, and sunk a well ninety-eight feet deep," and continued to reside there until the 1st of January, 1885, when he gathered his tent, removed it from the land, and never put it back.

Where there is no adverse occupancy of public land, a settler has the right to enter upon it for the purpose of making a settlement. But when he makes an application to purchase the land, he must make an affidavit that there is no occupancy of such land adverse to any that he has. (Pol. Code, sec. 3495.) An affidavit to that effect was made by the plaintiff on the 11th of August, 1884; and the court finds that at that time there was no occupation of said lands adverse to the occupation of plaintiff. But the uncontradicted evidence shows that the defendant had finished his house by the last of July and moved into it on the 5th of August, and thereafter continued to reside there and was in the adverse occupancy of the land when the plaintiff made his affidavit as the basis of his application to purchase; therefore, the finding is not sustained by the evidence, and the conclusion that the plaintiff was entitled to purchase the land is illegal.

Judgment and order reversed, and cause remanded for new trial.

Ross, J., and McKinstry, J., concurred.