| 71 | 209 |
|---|---|
| 71 | 321 |
| 72 | 31 |
| 76 | 121 |
| 76 | 189 |
| 71 | 209 |
| 77 | 535 |
| 71 | 209 |
| 78 | 8 |
| 71 | 209 |
| 82 | 140 |
| 82 | 143 |
| 71 | 209 |
| 83 | 110 |
| 71 | 209 |
| 90 | 46 |
| 71 | 209 |
| 149 | 800 |

[No. 11037.   Department Two. — October 26, 1886.]

W. B. McKENZIE, Appellant, v. Z. P. BRANDON
ET AL.   Z. P. BRANDON, Respondent.

State Lands — Affidavit for Purchase — Statements of. — An applicant for the purchase of state land must truthfully state in his affidavit all the facts required by law to be stated therein; and in an action to determine the right of purchase between adverse claimants, each party must allege in his pleadings and prove that he has strictly complied with the law.

Id. — Adverse Occupation of Land. — In February, 1884, the plaintiff applied to purchase from the state the land in controversy, being the west half of a thirty-sixth section. His affidavit accompanying the application stated that there was no occupation of the land adverse to his. In June, 1876, the defendant Brandon applied to purchase the same land. At that time he owned an adjoining quarter-section, which, with about eighteen acres of the half-section in controversy, he had inclosed with a fence, which he has since kept up. The defendant never resided on the land in controversy, but usually cultivated a portion of it lying within his inclosure in connection with the cultivation of his other land, and used the balance of the half-section as pasturage. Held, that the defendant was in the adverse occupation of the land within the meaning of section 3495 of the Political Code as amended in 1880.

Appeal from an order of the Superior Court of El Dorado County granting a new trial.

The action was brought to determine the right of purchase of certain state land. The further facts appear in the opinion.

LXXI. Cal.—14

*Irwin & Irwin*, for Appellant.

*Blanchard & Swisler*, for Respondent.

BELCHER, C. C.—In June, 1876, the defendant Brandon made application to purchase from the state the west half of a certain thirty-sixth section of land in El Dorado County. At that time he owned the southeast quarter of the section, and had that quarter and eighteen acres of the southwest quarter inclosed by a fence which he has since kept up. He has never resided on the west half of the section, but has usually, in connection with the cultivation of the southeast quarter, cultivated about seven acres of the southwest quarter lying within his inclosure, and has used the balance of the half-section to pasture his stock.

While the eighteen acres were so inclosed and a portion of it cultivated by the defendant, the plaintiff, in February, 1884, made application to purchase from the state the same half-section. In the affidavit on which his application was based he stated, among other things, "that there is no occupation of said lands adverse to any he has." The contest between the parties as to which had the right to purchase the land was referred by the surveyor-general to the court below for determination, and after a trial of the case, judgment was entered that plaintiff was and the defendant was not entitled to purchase it.

The defendant moved for a new trial, and his motion was granted upon the ground "that the affidavit filed by the plaintiff McKenzie in the surveyor-general's office failed to show the adverse occupation of the defendant Brandon of a portion of the land."

From the order granting a new trial this appeal is prosecuted, and the only question to be determined is, What constitutes an adverse occupation within the meaning of the law as it stood when the affidavit was filed?

It is argued for the appellant that to constitute an adverse occupation, within the meaning of section 3495 of the Political Code, the adverse occupant must be an actual settler on the land; or in other words, must himself be in such a position as would entitle him to purchase from the state.

It is well settled that when one seeks to purchase land from the state he must state in his affidavit, and state truly, all the facts required to be stated therein. ( *Woods* v. *Sawtelle*, 46 Cal. 389; *McCoy* v. *Byrd*, 65 Cal. 92; *Millidge* v. *Hyde*, 67 Cal. 5; *Plummer* v. *Woodruff*, opinion filed February 16, 1887; 72 Cal.) And when the case is brought into court for determination, each party must set forth in his pleadings and show by his proofs that he has strictly complied with the law. ( *Gilson* v. *Robinson*, 68 Cal. 539.)

The land sought to be purchased in *Woods* v. *Sawtelle*, *supra*, was within Woods's inclosure, and had been so for several years. Sawtelle made the first application to purchase it, and in his affidavit stated "that there is no occupation of said land adverse to that he now holds." Woods, by reason of his delay, had lost all preference right to purchase the land, but it was held that the affidavit made by Sawtelle was not the one required by the statute in such a case, and so he had acquired no rights.

The statute then, in reference to the sale of the sixteenth and thirty-sixth sections, was substantially the same as in 1884, except that after the amendment of 1880, the applicant was required to further state that he was himself an actual settler upon the land.

"The word 'occupation' may be so used in connection with other expressions, or under peculiar facts of a case, as to signify a residence. But ordinarily the expression 'occupation' '*possessio pedis*,' 'subjection to the will and control,' are employed as synonymous terms, and as signifying actual possession." (*Lawrence* v. *Fulton*, 19 Cal. 690.)

In *Woods* v. *Sawtelle*, the word "occupation" was evi-

dently treated as having its ordinary meaning, and we are unable to see anything in the constitution, or statutes since passed, tending to show that its meaning has been changed.

It follows that when the plaintiff made his affidavit, he in effect stated that there was no actual possession of the lands adverse to any he had. This was not true in fact, and the affidavit was not the one required by the code in such a case.

The order should be affirmed.

Searls, C., and Foote, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the order is affirmed.