[No. 12372.   Department One. — January 26, 1888.]

PLEASANT BYRD, RESPONDENT, *v.* THEODORE REICHERT, REGISTER OF STATE LAND-OFFICE, APPELLANT.

STATE LAND — RIGHT TO PURCHASE — CONTESTS AFFECTING DIFFERENT PORTIONS OF LAND. — An applicant for the purchase of state land, whose right to purchase has been sustained in an action brought to determine a contest between himself and an adverse applicant for a particular portion of the land, is not entitled to have a patent issued to him for the entire tract claimed by him, while an action to determine another contest, affecting a different portion of the land, is pending between himself and another applicant.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*Attorney-General Johnson,* and *Frank D. Ryan,* for Appellant.

*A. P. Catlin,* and *Catlin & White,* for Respondent.

BELCHER, C. C.—The respondent, Pleasant Byrd, obtained a peremptory writ of mandate, commanding the appellant, as register of the state land-office, to prepare, have signed, and issue to him, respondent, a patent for 960 acres of swamp and overflowed land in Tulare County, described as section 1 and the east half of section 2 in township 21 south, range 21 east, Mount Diablo meridian.

The facts involved in this controversy are as follows: The respondent made application to purchase the above-described section and a half of land, and on the eighth day of April, 1873, received from the register of the state land-office a certificate of purchase for the same.

On the third day of April, 1884, one Seth Smith made application to purchase a part of the same land, and on the fifth day of April, 1884, one John H. Harter made application to purchase another part of the same land, and on the first day of February, 1887, one E. O. Miller made application to purchase still another part of the same land. On the sixth day of June, 1884, upon demand of Smith and Harter, the contests arising on their applications were referred for adjudication to the superior court of Tulare County, and on the fourth day of May, 1887, upon demand of Miller, the contest arising on his application was referred for adjudication to the same court.

Actions to determine their contests were commenced in due time by both Smith and Harter, and such pro-

ceedings were afterwards had in them that final judgment was entered in the Harter case on the fourth day of April, 1887, and in the Smith case on the sixteenth day of May, 1887. These judgments were alike, and by them it was adjudged and decreed that Smith and Harter had no right to purchase any part of the lands applied for by them, but that Byrd, defendant there and respondent here, was entitled to purchase the land described in his certificate of purchase, and the whole thereof, and upon making full payment, to receive from the state a patent for the whole of said lands.

Copies of these judgments, properly certified, were filed in the office of the register of the land-office on the twentieth day of May, 1887, and thereupon, having made proof satisfactory to the register that full payment had been made, and having surrendered his certificate of purchase, respondent requested the register to take the necessary steps to have a patent for all the land described in the certificate issued to him; but the register refused and still refuses to take any steps towards the issuing of a patent for that part of the land which was embraced in Miller's application, and was not embraced in the Smith and Harter applications.

Thereupon this proceeding was commenced.

The question for decision is, Was the respondent entitled, upon his demand, to have a patent executed and delivered to him for all the land which he claimed?

It is insisted for respondent that a similar question was involved in the cases of *Langenour* v. *Shanklin*, 57 Cal. 70, and *Cunningham* v. *Shanklin*, 60 Cal. 118, and that under the decisions in those cases, he is clearly entitled to the relief which he obtained in the court below.

The cases referred to were applications for writs of mandate against the surveyor-general of the state, and the question was, whether after a contest in regard to the right of certain parties to purchase state land had been referred to the proper court and had been there

tried and determined, a new party could come in and make application to purchase the *same land*, and have his contest referred to the court for trial.

It was held that it was the duty of the surveyor-general to obey the directions of the court contained in the judgment upon the first contest, and that the state and its officers were estopped from selling the same land to an applicant who filed his claim pending the action, or subsequent thereto, and that the reception and filing of such an application did not create such a contest as authorized a reference to the court, under section 3414 of the Political Code.

From this statement it is apparent that the questions decided in those cases were not the same as or similar to that presented here.

The land which Miller made application to purchase was not the *same land* as that involved in the contest of either Smith or Harter. In their cases the only issues presented and tried were whether they or Byrd had the right to purchase the parcels of land for which they had made application, and no question was or could have been raised as to whether Miller had the right to purchase the parcel claimed by him.

The code provides that where a contest has arisen in the state land-office between opposing applicants for the purchase of lands belonging to the state, and has been referred to a court for determination, and an action has been commenced to determine it, the production of a certified copy of the order of reference " gives the court full and complete jurisdiction to hear and determine the action." (Pol. Code, sec. 3415.)

But if there has been no special order referring such a contest as provided in section 3414 of the Political Code, the courts can acquire no jurisdiction to hear and determine it. (*Danielwitz* v. *Temple*, 55 Cal. 42.)

Now, when a court has acquired jurisdiction to hear and determine an action of the kind above referred to,

it is evident that it can determine only such questions as are involved in the contest on which the action is based. It cannot determine as to other contests or other asserted rights, and in so far as it attempts to do so, its action, being beyond its jurisdiction, is void.

The judgments in the Smith and Harter cases, although broad enough to cover the land applied for by Miller, must be limited to the parties and the parcels of land before the court.

So far as we can see, Miller had a right to make his application, and until that application is in some way disposed of, the appellant should, we think, refuse to issue a patent for the land embraced in it.

It follows that the judgment should be reversed, and the cause remanded, with directions to the court below to dismiss the petition.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded, with direction to the court below to dismiss the petition.