[No. 12373.  Department One. — May 12, 1888.]

M. P. HARBIN, Appellant, v. JACOB C. BURG-
HART et al.  HENRY L. GOLD, Respondent.

School Land — Purchase of — False Statement in Application. — Under
   section 3495 of the Political Code, an application for the purchase of
   school land which falsely states·that there is no occupation of the land
   adverse to that of the applicant, is invalid, and confers no right of pur-
   chase on the applicant.

Id. — Applicant must be Actual Settler. — Under section 3495 of the
   Political Code, as it existed in January, 1884, an applicant for the pur-
   chase of school land, who was not an actual settler thereon, could acquire
   no right of purchase.

Id. — Contents of Affidavit — Trial of Contest — Facts Alleged
   must be Proved. — An applicant for the purchase of land from the
   state must set out in his affidavit the facts required by the statute to be
   stated therein, and unless such facts are proved at the trial of a con-
   test to determine the right of purchase, no right accrues to the party
   alleging the same.

Appeal from a judgment of the Superior Court of
Tehama County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Chipman & Garter*, for Appellant.

*John F. Ellison*, for Respondent.

Paterson, J. — This is an action brought to deter-
mine which of the parties has the right to purchase a
portion of section 36, township 28 north, range 2 east,
Mount Diablo meridian, school lands.  All the defend-
ants except Gold have been dismissed from the action.

Gold's application to purchase was filed in the office
of the surveyor-general, January 23, 1884, and is in
proper form.  Plaintiff filed his application to purchase
in the same office on the 21st of March, 1884, and on
the following day filed with the surveyor-general a pro-
test against the approval of Gold's application.  There-
upon the surveyor-general certified the contest to the
superior court of Tehama County.

The court below decided that defendant Gold is entitled to have issued to him a certificate approving his application to purchase the lands in controversy.

The defendant did not go upon the land until about the 18th or 20th of May following his application, and never saw the land until that time; but about the 10th or 12th of March he sent two men upon the land to build a house for him thereon, which they completed a few days thereafter. About the 1st of June following, the defendant took possession and remained there continuously for six months. He testified that he filed his application in good faith, intending to purchase the land for a home and as a place for business; that he knew the land was unfit for cultivation; that as soon as convenient after filing his application, and in pursuance of his intention to reside there, he had the house built, and as soon as the weather and the quantity of snow upon the ground would permit, he moved his stock upon the place, and resided there until heavy storms came in the fall. The court found that the land is unfit for cultivation, and also found that the defendant Gold was an actual settler.

1. At the time the plaintiff's application to purchase the land was made,—March 21, 1884,—the defendant was in adverse occupancy of the land within the meaning of section 3495 of the Political Code. In his application the plaintiff stated that there was "no occupation of such lands adverse to any that he had." This statement being untrue, his application is invalid, and he is not entitled to purchase the land. (*Moseley* v. *Torrence*, 71 Cal. 318; *Gavitt* v. *Mohr*, 68 Cal. 506.)

2. The statute in force at the time the defendant filed his application to purchase required the applicant to make an affidavit that he was a citizen of the United States; that he was an actual settler on the lands; that there was no occupation of such lands adverse to any that he had, etc. In his application to purchase, and

his affidavit in support thereof, the defendant, Gold, alleged that he was an actual settler on the lands. This statement was false, for he testified at the trial that the first time he went on the land, or ever saw it, was about May 18, 1884, four months after he filed the application referred to, and that he had no improvements or cabin on the land until about the middle of March,—two months after his application.

An applicant for the purchase of land from the state must set out in his affidavit the facts required by the statute to be stated therein (*McKenzie* v. *Brandon*, 71 Cal. 209); and unless the matters of fact which are required by the statute to be alleged in the affidavit are proved at the trial of contests like the one at bar, no right accrues to the party alleging the same. (*Plummer* v. *Woodruff*, 72 Cal. 29.)

The finding of the court that the defendant Gold was an actual settler upon the lands is not supported by the evidence. It is directly in conflict with the testimony of the defendant.

Judgment and order reversed, with directions to the court below to dismiss the action, each party to pay his own costs.

McKINSTRY, J., and SEARLS, C. J., concurred.