[Sac. No. 908.   Department One.—June 6, 1902.]

L. F. J. WRINKLE, Respondent, v. M. J. WRIGHT, Surveyor-General, etc., Appellant.

PURCHASE OF STATE LANDS—RECESSION OF LAKE WATERS—CONTEST—MANDAMUS.—*Mandamus* will not lie to compel the surveyor-general and *ex officio* register of the state land office to approve the application of a prior applicant for the purchase of state lands under the act of 1893 (Stats. 1893, p. 341) for the sale of land uncovered by the recession or drainage of the waters of inland lakes, etc., where it appears that, by reason of a conflicting application, a contest arose as to the falsity of the affidavit of the prior applicant, which was referred to the superior court for adjudication.

ID.—PRIOR ADJUDICATION—CONTEST WITH DIFFERENT CLAIMANT OF DISTINCT LAND.—A prior adjudication in a contest with another subsequent claimant of a distinct part of the land claimed by the prior applicant, in favor of the latter, is not *res adjudicata* as to any land other than that involved in the former contest, and cannot bar a subsequent contest by another subsequent applicant for a distinct part of the land.

ID.—CONTEST BY SUBSEQUENT CLAIMANT—SETTLEMENT NOT REQUIRED—FALSITY OF AFFIDAVIT.—A subsequent claimant need not be an actual settler at the time of the prior application in order to contest such prior application under the act of 1893; but it is a sufficient ground for such contest that the prior applicant is alleged to have made a false affidavit as to his qualifications to purchase, and that the subsequent applicant is shown to be qualified to purchase.

ID.—PENDENCY OF CONTEST—APPLICATION BY THIRD PERSON—DISTINCT GROUND—RES ADJUDICATA.—During the pendency of a contest referred to the superior court for adjudication, under the act of 1893, there can be no new application for the same land by a third party alleging a different ground of contest; and such third party is concluded by the final adjudication of the contest in favor of the prior applicant. New parties cannot come in to prevent the enforcement of the judgment as to land in .contest and disposed of by the judgment.

ID.—UNSURVEYED LANDS—DEFENSE TO MANDAMUS.—The fact that the lands in controversy are unsurveyed is a defense to an application for a *mandamus* against the register of the state land office to compel the approval of an application, or the issuance of a certificate of purchase for the land applied for. He can only be compelled to have the survey made, if he fails to perform his duty in that regard.

APPEAL from a judgment of the Superior Court of Sacramento County.   J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Leon Samuels, for Appellant.

Deal, Tauszky & Wells, for Respondent.

THE COURT.—Appeal from judgment awarding plaintiff a peremptory writ of mandate against defendant as surveyor-general of the state of California and *ex officio* register of the state land office, commanding him to approve the application of plaintiff for the purchase of certain lands belonging to the state. It appears from the petition that on the eighteenth day of July, 1893, the plaintiff filed, in the office of the surveyor-general of the state, his application in due form to purchase from the state the lands described in his application, under the provisions of an act entitled, ''An act regulating the sale of the land uncovered by the recession or drainage of the waters of inland lakes and unsegregated swamp and overflowed lands and validating sales and surveys heretofore made.'' (Stats. 1893, p. 341.)

That thereafter, on the twenty-sixth day of April, 1894, one Flora M. Sherman filed in the same office her application to purchase under the same act a part of the lands described in the application of plaintiff.

That by reason of the said conflicting applications a contest arose in the surveyor-general's office, which was, on August 7, 1894, duly referred to the superior court of Inyo County for determination, and upon trial thereof the said superior court adjudged the application of said Flora M. Sherman void, that plaintiff's application was valid, and that he was entitled to purchase the lands therein described from the state.

The judgment was here affirmed on appeal. (*Sherman* v. *Wrinkle,* 121 Cal. 505.)

Plaintiff thereafter filed with defendant a certified copy of the judgment in said action last named, and demanded that defendant approve his application and issue to him a proper certificate of purchase, all of which defendant refused to do. No demurrer was filed to the petition, and it is not claimed that it does not state facts sufficient, if true, to entitle the plaintiff to the writ.

The defendant filed an answer, in which he alleged affirma-

tively several separate defenses as to why he should not be compelled to approve plaintiff's application and issue to him a certificate of purchase. Plaintiff demurred to the first, second, and fourth separate defenses set forth in the defendant's answer, and the court sustained the demurrer to each, and the rulings upon the demurrer are the only questions that can be considered here. The first defense states that on the sixth day of September, 1898, one Leander S. Sherman filed in the office of the surveyor-general his application in due form to purchase the lands therein described, which were a part of the lands described in plaintiff's application, but not any part of the lands described in the application of Flora M. Sherman, and no part of the lands concerning which the contest arose between petitioner and Flora M. Sherman; that said application of Leander S. Sherman was accompanied by the proper fee, which was paid at the time it was filed; that at the time of the filing of his application the said Leander S. Sherman filed a protest against the approval of petitioner's application and demanded that the matter be referred to the proper court for adjudication; that in said protest it was alleged that the affidavit of plaintiff was false in several respects, and that he desired to purchase the land for a corporation, and not for his own use and benefit; that by reason of the conflicting applications of Leander S. Sherman and petitioner a contest arose in the office of the surveyor-general concerning the approval of the location of the said Leander S. Sherman for the said land, and that on the sixth day of December, 1898, the defendant, as surveyor-general, made an order referring the said contest to the superior court of the county of Inyo for determination, and duly entered the said order of record in his office; that within sixty days after said order of reference the said Leander S. Sherman commenced an action in the superior court of Inyo County against plaintiff for the final adjudication of the said contest, and that said action is yet pending and undetermined.

It is thus seen that the contest between the plaintiff and Flora M. Sherman was as to land not embraced in the contest between Leander S. Sherman and plaintiff. While the land was included in the petitioner's application, the contest arose as to the land described in the application of Flora M. Sher-

man. While the judgment in the contest between plaintiff and Flora M. Sherman is conclusive in favor of plaintiff, it is only so as to the lands in contest. The lands described in the application of Leander S. Sherman were not a part of the lands concerning which the contest arose, and therefore the judgment could not determine adverse claims when none existed.

The contest referred to in the Political Code (secs. 3414, 3499) is a contest where two or more applicants claim the same land. It is an elementary principle that a judgment is only conclusive as to the subject-matter litigated. The contest was between plaintiff and Flora M. Sherman as to the lands both were desiring to purchase. It determined the claims of each to this land, and determined nothing else. (*Byrd* v. *Reichert,* 74 Cal. 581; *Jacobs* v. *Walker,* 90 Cal. 46.)

In the latter case it is said: ''It is further contended that the judgment should at least have been entered in favor of the plaintiff for the eighty acres applied for by him, and not included in the application of defendant. But there was no contest as to that eighty-acre tract, and the court had therefore no jurisdiction to determine the plaintiff's rights, to it. The judgment was necessarily limited to the land in contest and could determine nothing in regard to land not in contest.'' The court, therefore, erred in sustaining the demurrer to the first defense set forth in the answer.

It is claimed by respondent that an application for purchase, under the act cited, can be contested only by actual settlers, but we do not so construe the law. It is nowhere provided in the act that the land shall be sold only to actual settlers. It is provided in section 4 that during ninety days after filing the application it cannot be approved, and ''meanwhile the land shall be subject to the adverse claim of any actual settler who resided thereon when the said application was filed.''

The above provision was only intended for the purpose of giving those who were actual settlers at the time the application was filed the preferred right to purchase.

Section 1 of the act prescribes the conditions which entitle a party to purchase; and any applicant to purchase may show in a contest that he possesses the qualifications which entitle

him to purchase, and that the party with whom he is contesting does not possess the requisite qualifications.

The right to contest follows from the right of a qualified applicant to purchase. (*McFaul* v. *Pfankuch,* 98 Cal. 400.)

Respondent further claims that his application cannot be contested on the ground that his affidavit to purchase was false, for the reason that section 3500 of the Political Code provides that ''any false statement contained in the affidavit provided for in section 3495 defeats the right of the applicant to purchase the land, or to receive any evidence of title thereto.'' Section 3495 refers to school lands, and hence it is argued that the falsity of the affidavit as to the class of lands referred to in the act in question is not ground of contest. We do not so construe the statute. The provisions of section 1 as to what shall be stated in the affidavit certainly mean that the affidavit must be true; otherwise, the mere making of an affidavit stating the matters enumerated in the statute, would entitle the party to purchase, even if every statement therein were false. In such case there could be no contest, and every person making the requisite affidavit could purchase regardless of his qualifications. The quoted provision of section 3500 of the Political Code was placed there by amendment in March, 1885, and it was uniformly held prior to that time that the affidavit required by the statute as a prerequisite to purchase must be true. (*Gavitt* v. *Mohr,* 68 Cal. 511; *Mosely* v. *Torrence,* 71 Cal. 319; *Harbin* v. *Burghart,* 76 Cal. 120; *Plummer* v. *Woodruff,* 72 Cal. 29; *Taylor* v. *Weston,* 77 Cal. 535.)

The second defense states that in December, 1898, one Bunner filed his application in due form to purchase from the state a part of the lands described in plaintiff's application. It is not stated as to whether or not the lands described in the application of Bunner were described in the application of Flora M. Sherman, but as the contest and judgment in the case of *Sherman* v. *Wrinkle,* 121 Cal. 505, are referred to, we will presume that the lands described in Bunner's application were the lands, or a portion of the lands, in contest in the case of *Sherman* v. *Wrinkle.* We cannot tell, without the aid of a surveyor, by the descriptions in the applications, whether they were or not; and if they were not, it was incumbent upon defendant to so state. Bunner filed a protest in which he

stated that the application of plaintiff was false, for the reason that plaintiff desired to purchase the lands for the benefit of a corporation, and not for his own use and benefit. It is further alleged, as to Bunner's application, that the sole ground of contest made by Flora M. Sherman, as against the application of plaintiff, was, that the application of plaintiff was false, for the reason that the land applied for by plaintiff exceeded six hundred and forty acres.

The defendant, as surveyor-general, made and entered an order referring the contest as between Bunner and plaintiff to the superior court of Inyo County for adjudication. Within sixty days after the order of reference Bunner commenced an action in the superior court of Inyo County against plaintiff for the purpose of having the said contest adjudicated, and the said action is still pending. The demurrer to this second defense was properly sustained. It is not the policy of the law to allow new parties to file upon the same land in contest between different applicants after an order of reference has been made and a contest is pending in court, by such new parties merely stating a different ground of contest. If this were the law, a contest might be kept in court indefinitely in regard to the same land. The first contest might be as to whether or not the applicant was a citizen or had declared his intention to become such; the second as to whether or not he desired to purchase for his own use and benefit; the third as to whether or not he had made any contract or agreement to sell the land applied for; the fourth as to whether or not the applicant was the owner of state land which with that sought to be purchased exceeds six hundred and forty acres; and so on through all the various grounds of contest that can be made.

Section 3416 of the Political Code provides that upon filing a copy of the final judgment in a contest the surveyor-general or register "must approve the survey or location, or issue the certificate of purchase or other evidence of title in accordance with such judgment."

New parties cannot come in to prevent the enforcement of a judgment as to land in contest and disposed of by the judgment. (*Laugenour* v. *Shanklin,* 57 Cal. 70; *Cunningham* v. *Shanklin,* 60 Cal. 118.)

The defendant stated as a fourth defense that the whole of

the land described in plaintiff's application has not been surveyed, and that a copy of the field-notes and plat of a survey of all the lands described in the application has not been filed. That the eastern boundary of the lands described in plaintiff's application has never been surveyed. Section 2 of the act provides:—

"Upon the filing of said application, when the land has not been sectionized, the surveyor-general shall authorize the county surveyor of the county where the whole or the greater portion of the land lies to survey the same, who shall make an actual survey thereof, at the expense of the applicant, establishing four corners to each quarter-section, and connecting the same with a United States survey, and he must, within thirty days, file with the surveyor-general a copy, under oath, of his field-notes and plat, and a statement, under oath, showing whether or not the land is occupied by an actual settler."

The above section clearly contemplates a survey of the land and that a copy of the field-notes and plat shall be filed before an application shall be approved. The statement under oath as to whether or not the land is occupied by an actual settler contemplates that the surveyor-general shall have this information from the county surveyor before approving an application. The question of whether or not the land was surveyed appears to have been disposed of in *Sherman* v. *Wrinkle*, but it could only have disposed of the question as to the land in contest in the suit.

If the facts set forth in the fourth defense are true, they show sufficient reason for not approving plaintiff's application as to the lands described other than those in contest in the case of *Sherman* v. *Wrinkle*.

It is the duty of defendant to have the survey made, and if he fails to do so, in proper proceedings he may be compelled to perform his statutory duty. But he cannot be compelled to approve an application or to issue a certificate of purchase for land that has not been surveyed.

The judgment is reversed and the court below directed to overrule the demurrer to the first and fourth defenses contained in the answer.