[Civ. No. 352. Third Appellate District.—August 31, 1907.]

W. E. KLEINSORGE, Appellant, v. J. G. BURGBACHER, Appellant, and JOSEPH A. KAHNY, Respondent.

STATE LANDS—APPLICATIONS TO PURCHASE—AFFIDAVITS—FALSE STATEMENT DEFEATS RIGHT.—It is settled law that applications to purchase state lands and the affidavits accompanying the same must state truthfully the facts provided by the statute, and any false statement contained in the affidavit defeats the right of the applicant to purchase the lands or to receive any evidence of title thereto.

ID.—TIMBER LANDS—VOID CERTIFICATE OF PURCHASE—FALSE AFFIDAVIT—ASSIGNMENT INEFFECTIVE.—The assignees of a certificate of purchase covering timber lands in fact, which conferred no right on the holder by reason of his false statement in the affidavit that they were not timbered lands, acquire no right, legal or equitable, by the assignment.

ID.—CASH PAYMENT REQUIRED—NONPAYMENT—REVERSION TO STATE.—Timber lands belonging to the state are required to be sold for cash only, and in case one has made a false application to purchase the same as untimbered lands, and has paid only twenty per cent of the purchase money, and has failed for more than thirty days after the date of the approval or location to make the full cash payment, the lands revert to the state without suit, and the survey or location is void.

ID.—REVERTED LANDS NOT SUBJECT TO TAXATION—INEFFECTIVE RE-
DEMPTION—PREFERENCE OF PURCHASE NOT GIVEN.—Timber lands
which have reverted to the state for nonpayment of the cash
price are not the subject of taxation. Where a sale and deed
was made to the state for subsequent taxes, a redemption there-
from by payment of the taxes and penalties by the assignees of
a void certificate of purchase confers no preferred right of pur-
chase upon them under section 3788 of the Political Code, and the
lands were open to subsequent location.

ID.—OFFERS TO FILE APPLICATION WITH TENDER—JURISDICTION OF
COURT—STIPULATED FACTS—PRIORITY OF RIGHT.—The jurisdiction
of the court upon reference of a contest between the rights of ap-
plicants to purchase timber lands, though confined to the matters
embraced in the order of reference, is not confined to the dates
of apparent filing of applications by the surveyor general, where
the priority of right depends upon actual offers to file applica-
tions with tender of the entire purchase money, and the facts
are stipulated and all took place in the surveyor general's office,
whether made matter of record therein or not.

ID.—DETERMINATION OF PRIORITY.—Where both the actual filing of re-
spondent's claim preceded that of plaintiff appellant, and respond-
ent's actual offer and tender of purchase money for the tract
claimed by him preceded the offer and tender by the plaintiff ap-
pellant, the court properly determined appellant's appeal as against
the respondent in favor of the respondent; and where plaintiff
appellant's offer and tender preceded the application of defendant
appellant, the court properly gave the former priority over the latter,
although the application of the former was last filed.

ID.—REMEDIES NOT LIMITED TO MANDAMUS.—The remedies of the parties
in such case were not limited to *mandamus* to compel the filing of
applications properly offered with tender of the money required;
but the rights of all applicants may be determined upon the order of
reference.

ID.—PROTEST NOT REQUIRED AGAINST VOID APPLICATION.—No protest
is required against a void application; and no demand need be made
for an order of reference in relation thereto by a subsequent ap-
plicant, especially where he is the assignee of the void application.
He is not required to protest against his own void claim.

APPEAL from a judgment of the Superior Court of Sis-
kiyou County.   J. S. Beard, Judge.

The facts are stated in the opinion of the court.

W. E. Kleinsorge, *in pro. per.*; and Gillis & Tapscott, for W. E. Kleinsorge, Appellant.

Sullivan & Sulivan, and Theo. J. Roche, for J. G. Burgbacher, Appellant.

Reid & Dozier, for Joseph A. Kahny, Respondent.

CHIPMAN, P. J.—Action to determine the right to purchase state school land. The tracts involved are: The west ½ of section 36, township 42 north, range 2 east, Mount Diablo meridian (hereinafter referred to as tract A) ; west ½ of east ½ of said section (referred to hereinafter as tract B) ; southeast ¼ of section 16, same township and range (hereinafter referred to as tract C). Plaintiff claims all the land; defendant Burgbacher claims tracts B and C; defendant Kahny claims tract A. The court awarded the right to purchase tracts B and C to plaintiff and tract A to defendant Kahny. Plaintiff appeals from the judgment in favor of defendant Kahny awarding him tract A, and defendant Burgbacher appeals from the judgment in favor of plaintiff awarding him tracts B and C.

The pleadings are such as are usual in this class of cases where parties seek to have determined who are entitled to purchase land from the state. No question arises as to the qualifications of the parties to purchase or as to the sufficiency of the pleadings or as to the sufficiency of the applications to purchase filed by the parties to the action. The controversy arises out of the claims made by defendants as assignees of the first applicants for the lands—N. E. Sager and Martha Sager —and also out of defendants' claims as applicants to purchase at a time prior to plaintiff's application. The case was tried upon the stipulation of the parties "that the said action should be submitted for decision upon a certain agreed statement of facts theretofore agreed upon between the parties and the deposition of D. G. Reid which is admitted to be true." The facts necessary to an understanding of the points of law involved, stated as briefly as may be, are as follows:

In 1892 the Sagers filed their applications to purchase with the surveyor general and certificates of purchase were issued to them. The affidavits accompanying said applications false-

ly declared that the lands were not timbered lands, when in
fact they were and still are timbered lands, and neither of
said applicants, within fifty days from the date of the ap-
proval of their applications, paid to the treasurer of Siskiyou
county the full purchase price for said land, but paid only
twenty per cent of the said purchase price and interest in
advance on the balance for one year. In 1897 the Sagers as-
signed their said certificates of purchase to defendant Kahny,
who held the title for the joint benefit of himself and defend-
ant Burgbacher. In 1895 all of this land was sold to the state
for delinquent taxes, and not hav᾽ ᷉ been redeemed a deed
was duly executed by the tax collector of said county to the
state in July, 1900. This deed was filed with the surveyor
general on October 19, 1901. In December, 1901, defendants
paid to the treasurer of Siskiyou county the full amount for
taxes, penalties, costs, etc., and received from the state con-
troller a receipt therefor. On April 18, 1902, plaintiff of-
fered to file in the office of the surveyor general his applica-
tion to purchase said lands, which was in due form; he ten-
dered and offered to pay all fees and deposit all the money
required by law; he set forth in his papers then offered to
be filed all the facts in relation to the applications of the
Sagers and the reasons why they were insufficient and averred
that the certificates of purchase issued to them were null
and void; he offered to file in said office a protest in writing
against said certificates of purchase, setting forth in said pro-
test all the facts relating to the Sagers' applications and cer-
tificates of purchase and why they were void and of no effect,
and averred that a contest had arisen between plaintiff and
the Sagers and demanded that said contest be referred to the
superior court of said county for final determination. On
April 19, 1902, the surveyor general rejected plaintiff's ap-
plication to purchase said lands. It does not appear that
plaintiff's application was actually filed nor whether any
record was made of it by the surveyor general nor of his
rejection thereof. The agreed statement declares the facts
to be as above stated. On April 19, 1902, defendants filed
with the surveyor general the said assignments of the Sager
certificates of purchase; also a copy of a judgment adjudging
that defendants were owners each of an undivided one-half
interest in the said lands; also a certified copy of the certifi-

cate showing that they had paid the taxes, penalties, etc., to the state, referred to above. Defendant Kahny on the same day filed his application in due form for tract A and defendant Burgbacher on the same day filed his application to purchase tracts B and C. On July 29, 1902, plaintiff again tendered and there was filed in the office of the surveyor general his said application above referred to to purchase said lands and made all required payments. On said twenty-ninth day of July, 1902, he filed his protest in writing against the Sager applications and certificates of purchase and prayed that they be declared null and void and also prayed that his said application to purchase be "received and filed as of date of the 18th day of April, 1902." The protest is entitled "in the matter of the conflicting claims of" the Sagers and the parties to this action and sets forth all the foregoing facts relating to the various applications and proceedings, as when he first offered to file, and it is recited in said protest that plaintiff filed his application on April 18, 1902, and it is also recited that defendants' applications and other documents were filed on April 19, 1902, "subsequent to the filing of the application to purchase of said" plaintiff. All applications to purchase, all affidavits in support of said applications and all documents referred to and now on file in the surveyor general's office are made part of the protest demanding reference to the court. The deposition of attorney Reid shows that on April 9, 1902, he tendered to the surveyor general the application in due form of defendant Kahny for the land claimed by him and made tender also of all money required by law, that he was informed by the surveyor general "that it would be necessary before any filing would be allowed that the certificate of redemption should be filed, together with the necessary papers showing the transfer of the title acquired by the certificates of purchase then outstanding (the Sager certificates) to Mr. Kahny"; Reid was told that the papers would not be received but that "he could return the papers with the necessary certificates and other papers, but that he would not receive the application and affidavit." Reid received no writing showing the rejection of the application. Following the instructions of the surveyor general Reid procured the required documents and sent them and the application by mail to the surveyor general, posting the package at Redding on

the afternoon of April 18, 1902, and these are the papers referred to so far as tendered on April 9th which were filed on April 19th. On September 10, 1902, the surveyor general made an order referring said contest to said court—"In the matter of the conflicting claims of" plaintiff and defendants, "to purchase a certain tract of land," describing all the land, and reciting: "On April 19, 1902, an application No. 3691, by Jos. A. Kahny for (description Tract A) was received and filed in the office of the state surveyor general." "On April 19, 1902, an application No. 3692 (making similar recital as to Burgbacher application)." "On July 9, 1902 (obviously should be July 29, as shown by statement of facts), an application No. 3758 by W. E. Kleinsorge for all the above-described land was received and filed in the office of the state surveyor general. Said application was accompanied by a duly verified protest and a written demand that the conflicting claims to purchase said land be referred to the proper court for adjudication. . . . It is therefore ordered and directed that the contest as set forth between the above-named parties, be and the same is hereby referred . . . for adjudication."

The court made the following conclusions:

1. That the certificates of purchase issued to the Sagers "are null and void and passed no right, title or interest in or to the lands therein described," and the assignments "are null and void and conveyed no right, title or interest in the lands."

2. That on April 9, 1902, when defendant Kahny offered to file and on the nineteenth day of April, 1902, when he actually did file upon the same, the following lands were state lands and subject to entry and sale (description tract A) and "Is entitled to purchase . . . said lands."

3. That on April 18, 1902, the following lands were state lands and subject to entry and sale (description tracts B and C) and that "plaintiff is entitled to purchase . . . said last described lands."

4. That defendant Burgbacher "has no right, title or interest in or to any of the lands described herein and is entitled to no relief in the action."

1. It is well settled by the decisions that applicants to purchase state lands must state in the applications and the affidavits accompanying the same the facts prescribed by the

statute (Pol. Code, sec. 349) and must state them truthfully. (*Miller* v. *Donovan,* 3 Cal. App. 325, [85 Pac. 159]; *Mc-Kenzie* v. *Brandon,* 71 Cal. 209, [12 Pac. 428]; *Harbin* v. *Burghart,* 76 Cal. 119, [18 Pac. 127]; *Taylor* v. *Weston,* 77 Cal. 534, [20 Pac. 62]; *Wrinkle* v. *Wright,* 136 Cal. 495, [69 Pac. 148].)

Section 3500 of the same code provides that "any false statement contained in the affidavit provided for in section 3495 defeats the right of the applicant to purchase the lands or to receive any evidence of title thereto." (*Wrinkle* v. *Wright,* 136 Cal. 495, [69 Pac. 148].)

The assignee of a certificate of purchase which conferred no right on the holder by reason of his false statements acquires no right, legal or equitable, by the assignment. (*Taylor* v. *Weston,* 77 Cal. 534, [20 Pac. 62]; *Miller* v. *Donovan,* 3 Cal. App. 325, [85 Pac. 159].)

Section 3500 of the Political Code requires that "timber land belonging to the state shall be sold for cash only," and section 3512 requires of the purchaser full payment within fifty days from the date of approval or location, and "in case payment is not made within fifty days, the lands described in the survey or location revert to the state without suit, and the survey or location is void." (Sec. 3513.) Before the taxes were levied on said lands for which they were sold to the state they had reverted to the state and were not the subject of taxation. (Pol. Code, sec. 3607; *People* v. *Doe,* 36 Cal. 220; *Low* v. *Lewis,* 46 Cal. 549; *People* v. *Austin,* 47 Cal. 360.) It is contended that under section 3788, Political Code, defendants became "preferred purchasers for the period of six months after the deeds are filed with the surveyor general," where the land has been sold for delinquent taxes, because they were "former possessors of the lands thus deeded to the state." This section in terms refers to "state lands upon which the full purchase price of one dollar and twenty-five cents per acre has not been paid," which would seem to exclude defendants, for the statute required full cash payment. Then again, the statute gives the preference to "the former possessors of the land thus deeded to the state," and it is claimed that defendants were never "possessors of the lands." As a still further answer to defendants' claim under this section and at the same time

advanced in support of plaintiff's claim, it is insisted that
the taxes for which the lands were sold were illegally im-
posed for the reason, as above stated, that the land had re-
verted to the state and title was in the state free from any
effect of the Sager certificates of purchase, before the taxes
were levied.  The point is thus applied: The deed to the state
was filed with the surveyor general October 19, 1901, and the
statute gives a preference for six months within which no
other persons could make application, and therefore defend-
ants' applications take preference over plaintiff's because
plaintiff's application on April 18, 1902, was premature.
Suffice it to say upon these contentions that the Sager cer-
tificates of purchase were null and void; that defendants ac-
quired no right or preference by payment of the taxes, penal-
ties, etc., as the assignees of the Sager certificates; that the
land was subject to location at all times at least after the
deed to the state was filed with the surveyor general.  The
Sager certificates of purchase and all claims thereunder must
be eliminated from further consideration.  Whatever rights
accrued to the parties must take their origin either in their
offers to file applications to purchase or in the filing of such
applications and in the subsequent proceedings upon the
reference to the superior court by the surveyor general.  The
vital question in the case, it seems to us, is this: Did the court
acquire jurisdiction to treat plaintiff's application and pro-
test as made on April 18, 1902, and the application of de-
fendant Kahny as made on April 9, 1902?

It has been frequently held by the supreme court that the
jurisdiction exercised by the court to which the contest is
referred is special and limited, and is derived from and is
restricted to the matters embraced in the order of reference.
(*Vance* v. *Evans,* 52 Cal. 93; *Byrd* v. *Reichert,* 74 Cal. 579,
582, [16 Pac. 499].  See, also, *Jacobs* v. *Walker,* 90 Cal. 43,
[27 Pac. 48] ; *Perri* v. *Beaumont,* 91 Cal. 31, [27 Pac. 534] ;
*McFaul* v. *Pfankuch,* 98 Cal. 400, [33 Pac. 397].)  In the
more recent case of *Youle* v. *Thomas,* 146 Cal. 537, [80 Pac.
714], the court said: "The sole object to be achieved by the
trial before the Superior Court is a determination of the
question of the rights of the two parties between whom the
contest arose in the surveyor general's office to purchase the

6 Cal. App.—23

particular tract of land. . . . It is not a case where the court has before it a certain fund, or a certain piece of property, to determine what shall ultimately be done with it. In such a case the court, having general jurisdiction in equity, would be entitled to entertain the application of any person claiming a right thereto, and could give judgment awarding the property to anyone who might be able to show his right. But in a question of the sort here involved there is no such general power. It is a mere method by which the state determines to whom it will sell its lands, and the parties concerned are the parties who have made the respective applications and whose rights have been referred to the court for adjudication.''

The learned trial court held that Kahny had a right to file his application on April 9th, thus attaining priority over plaintiff's application. It is also held that plaintiff had a right to file his application on April 18th, thus giving priority over defendant Burgbacher's application, and in both cases it treated the right to file as equivalent to an actual filing of the application. In both cases the court held that the Sager certificates of purchase were void and of no effect and the tax sale equally ineffectual for any purpose, through which no rights were acquired by any person and because of which no impediment was created to the location of the land. The court also held that the surveyor general was in error in refusing to allow Kahny to file on April 9th for the reason assigned by him and was also in error in rejecting plaintiff's application on April 19th which he tendered on April 18th, because he failed on April 18th to show that the taxes, penalties, etc., had been paid, and probably for the further reason that defendants as assignees of the Sager certificates were preferred purchasers.

It is urged that the findings of the trial court are outside the issues and that it had no jurisdiction to hear and determine any questions relating to the offers of Kahny and plaintiff to file, and was confined by the order of reference to the dates on which the applications were *actually* filed and could only adjudicate questions arising at that time on those applications, regardless of all facts occurring prior thereto. It is true that the court derives its jurisdiction from the order of reference alone, but we think the order here did in fact

refer to the court all the proceedings which were had in the surveyor general's office in respect of these lands and the parties applying to purchase the same, whether or not made matter of record at the time. All the facts are agreed to and were all before the surveyor general when he made the order and were part of the papers and documents referred by him to the court. The principal question to be determined, and in fact the only question, after eliminating the Sager certificates of purchase and any pretended rights arising thereunder, was a question of priority of application, for it was conceded that the applicants, the parties to the action, were qualified applicants and the land was open to entry, as we have held, at the time Kahny tendered his application, April 9th, for tract A, and when plaintiff tendered his application, April 18th, so far as respects the balance of the land. The main object of the reference was, it seems to us, to have determined whether or not the surveyor general improperly rejected these two applications and in doing so deprived Kahny and plaintiff of rights to which they were entitled. We cannot agree with appellant Burgbacher that plaintiff was confined to *mandamus* as his only remedy. What he could have accomplished by it need not be considered, for, as we think, all questions involving the relative rights of the parties were before the court by the order of reference, and the statute gives this remedy, no matter what course might have been taken as to other remedies. Upon the law of the case and under the facts stipulated, it is our opinion that the trial court reached correct conclusions.

Plaintiff contends that Kahny has no standing because he failed to file a protest against the Sager applications and failed to demand an order of reference. But at the time he tendered his application the land was open to location; the Sager certificates and applications were void, as contended by plaintiff and as we hold, and Kahny was not called upon to demand a reference as to them, and, besides, whatever rights they possessed he had by assignment. Furthermore, there was no other application against which he could protest, and he certainly was not called upon to protest against his own application.

We do not understand that defendant Burgbacher claims otherwise than through his application, and as it does not

conflict with Kahny's application, we see no ground on which his appeal against the judgment in favor of Kahny can rest.

We think the judgment of the court was a correct adjudication of all matters referred to it, and the judgment is therefore affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 31, 1907.