[Civ. No. 1378.  Third Appellate District.—August 24, 1915.]

EDWARD J. McLAUGHLIN, Respondent, v. HYRUM S. WOOLLEY, Appellant.

PUBLIC LANDS—APPLICATIONS TO PURCHASE SWAMP AND OVERFLOWED LANDS—REFERENCE OF CONTEST TO COURT BY SURVEYOR-GENERAL.— The only provisions of the law authorizing the surveyor-general to refer to a superior court for the determination of the respective rights of two persons desiring to purchase the same tract of land from the state are found in sections 3414–3417 of the Political Code.

ID.—CONSTRUCTION OF SECTION 3415, POLITICAL CODE.—The contest referred to in section 3415 of the Political Code is a contest where two or more applicants claim the same land.

ID.—SWAMP AND OVERFLOWED LANDS—PROVISIONS OF POLITICAL CODE APPLICABLE TO.—Sections 3416, 3417 of the Political Code are applicable to proceedings for the purchase of swamp and overflowed lands.

ID.—SECTION 3443, POLITICAL CODE—AMENDMENT OF 1903.—The contention that the amendment of 1903 to section 3443 of the Political

Code relates solely to swamp and overflowed lands and provides an exclusive method of instituting and trying contests for the purchase of said lands, and that its provisions must control, and that sections 3414–3417, inclusive, are no longer applicable to swamp-land matters, cannot be maintained.

Id.—Reference of Contest to Court—Time for Bringing Action.— Where two parties each make application to the surveyor-general of the state to purchase a certain piece of swamp and overflowed land and the surveyor-general refers the contest to the superior court for determination of the respective rights of the parties to purchase said land, the provisions of sections 3414–3417 of the Political Code apply, and not section 3443; and where said contest was brought within sixty days from the date of the reference, although more than thirty days, it was brought within time.

APPEAL from a judgment of the Superior Court of Del Norte County. John L. Childs, Judge.

The facts are stated in the opinion of the court.

George W. Howe, for Appellant.

Hersch & McNulty, for Respondent.

ELLISON, J., *pro tem.*—Plaintiff and defendant Woolley each made application in due form to the surveyor-general of the state to purchase a certain piece of swamp and over-flowed land. Upon application of the plaintiff the surveyor-general referred the contest to the superior court of Del Norte County for trial and determination. Upon trial in that court the case was decided in favor of the plaintiff and the defendant appeals from the judgment.

It was the defendant's contention in the court below and is here that plaintiff's cause of action is barred by the provisions found in section 3443 of the Political Code, providing that the contestant must bring his action within thirty days after the date of the order of reference made by the surveyor-general.

The record shows without dispute that plaintiff brought his action in the superior court of Del Norte County within sixty but more than thirty days from the date of the order of reference made by the surveyor-general. Hence, if the provisions of section 3443 of the Political Code control, the contention of defendant is correct and plaintiff brought his action too late, otherwise not.

The complaint alleges (par. X): ''That plaintiff on or about the 18th day of December, 1911, made and filed in said surveyor-general's office a verified protest against said defendant's application to purchase said tract of land, and a request that the right to purchase said land be referred to the proper court for adjudication and determination and that the controversy and dispute has been, by the said surveyor-general referred to the superior court of the county of Del Norte, state of California, for determination of the *respective rights of the parties hereto to purchase said tract of land from the said state of California.''*

The averment of the complaint, admitted to be true, is that the matter referred to the superior court of Del Norte County for adjudication was ''the respective rights of the parties hereto to purchase the said tract of land from the state.''

The only provisions of the law authorizing the surveyor-general to refer to a superior court for determination the respective rights of two persons desiring to purchase the same tract of land are found in sections 3414, 3415, 3416 and 3417 of the Political Code. Section 3414 provides: ''When either party demands a trial in the courts of the state he must make an order referring the contest to the district court of the county in which the land is situated.'' The contest referred to in this section is a contest where two or more applicants claim the same land. (*Wrinkle* v. *Wright,* 136 Cal. 491, [69 Pac. 149].)

Section 3417 of the Political Code requires the contestant to bring a suit in the proper court within sixty days after the order of reference is made and if he does not do so his rights under his application cease. Section 3416 makes it the duty of the surveyor-general, upon receiving a certified copy of the judgment, to ''approve the survey or location or issue the certificate of purchase or other evidence of title in accordance with such judgment.''

These provisions of the Political Code have heretofore been held to apply to proceedings for the purchase of swamp and overflowed lands. Prior to 1903, section 3443 of the Political Code consisted only of what is now the first sentence thereof. This declares what a person desiring to purchase swamp-land must state in his affidavit filed with the surveyor-general. In 1903 the section was amended by adding thereto all now appearing in it after the original first sentence. It is

the contention of counsel for the appellant that this amendment relates solely to swamp and overflowed land and provides an exclusive method of instituting and trying contests to purchase such lands and that its provisions must control, and that sections 3414–3417, inclusive, are no longer applicable to swamp-land matters. In this contention we think counsel is mistaken.

Sections 3414–3417 make general provisions for having the question of which one of two or more applicants for state land is entitled to buy adjudicated by a court, and the quotation from the plaintiff's complaint, shows that that was the precise question referred by the surveyor-general to the court for a determination. Section 3443 contains no provision authorizing the surveyor-general to refer such question to the superior court for trial, and if counsel's contention were held to be correct then it would follow that the law makes no provision for obtaining a decree of any court deciding which of two applicants is entitled to purchase swamp-land. The amendment to section 3443 is lengthy and need not be quoted in full.

1. Under its provisions only persons of a particular class or those occupying a particular relation to the land can file a contest of the right of another to purchase the land. The contest can be commenced by the filing of an affidavit by "any settler or person occupying such land for farming purposes" and he can contest the right of the applicant to buy the land from the state only upon one or both of two grounds: 1. That he, the affiant and contestant, has been in possession of the land for over ten years, openly and notoriously, evidenced by ditches, levees, etc., and has actually reclaimed the land and had been farming it; or 2. That the affidavit filed by the person desiring to purchase the land is false in any of its statements. I am simply giving briefly the substance of the amendment.

2. When such an affidavit is filed by such a person and no other, then the surveyor-general is required to make an order "referring the questions raised by such affidavits to the superior court of the county in which the land is situated." It will be noticed he cannot refer the question of which has the better right to buy but only the questions raised by such affidavits.

3. After he has referred these questions to the superior court for determination, only one of the parties can begin

the suit. ''Within thirty days from the date of such order of reference the *party filing the affidavit raising such questions* shall commence, in said court, an action to determine the same,'' is the language of the section. Under section 3415 either party may bring suit.

4.   Upon the conclusion of the trial the court cannot make any judgment determining the respective rights of the parties to purchase.   The contestant need not himself be an applicant to purchase and need not have the legal qualifications of a purchaser.   If the court determines that the statements in the affidavit filed by the applicant to purchase are false or that the statements in the affidavit of the settler are true, ''the approval of location or certificate of purchase, if any shall have been issued, shall be canceled by judgment of said court.''   If it shall appear that the statements in the affidavit of the applicant to purchase are true and the statements of the settler are untrue, the court shall render its judgment accordingly.

5. Upon the filing of the judgment with him the surveyor-general must cancel the location of the applicant or approve his location, according as the judgment directs, but in no event can he give to the settler as a result of such contest any certificate of location or of approval or of title.

The whole power of the amendment to the section is exhausted in either canceling or approving the application of the person desiring to purchase.

This review of the sections makes it apparent that the contest here was referred under authority of section 3414, which provides a method by which conflicting claims to purchase land may be adjudicated by a court and was not a reference of special questions under the provisions of section 3443. That the thirty-day limitation contained in this section is only applicable to a suit brought where special questions are referred, and that the provision for incorporating copies of the affidavits in the complaint is only required when a reference of special questions is made under the provisions of said section.

We are of the opinion that the complaint states a cause of action, that the suit having been brought within sixty days from the date of the order of reference was brought in time, and that the judgment should be affirmed.   It is so ordered.

Chipman, P. J., and Hart, J., concurred.