[No. 9905.   Department One. — May 19, 1888.]

## JOHN McENTEE, Respondent, *v.* HIRAM B. COOK ET AL., Appellants.

State Lands — Affidavit for Purchase. — Prior to the amendment of March 1, 1885, to section 3495 of the Political Code, an affidavit for the purchase of state land not forming part of a sixteenth or thirty-sixth section was required to state the facts made requisite by section 3500 of the Political Code; and an affidavit which stated the facts made requisite by section 3495 for the purchase of a portion of a sixteenth or thirty-sixth section was insufficient, and gave no right of purchase to the applicant.

Id. — Statements in Affidavit. — One seeking to purchase land from the state must state in his affidavit all the facts which the law makes requisite for such a purchase, and failing to do that, his application fails.

Id. — Contest to Determine Right of Purchase — Pleadings. — A complaint in an action to determine a contest as to the right to purchase state lands must allege the facts, so that the court may see whether the application was made in due form or not.   An allegation that the plaintiff filed his "affidavit and application in due form" is the statement of a mere conclusion, and is insufficient.

Id. — Order Overruling Demurrer — Appeal from Judgment. — In such an action, an order overruling a demurrer to the complaint may be reviewed on an appeal from a judgment in favor of the plaintiff, without a bill of exceptions or statement.

Appeal from a judgment of the Superior Court of Mendocino County.

The action was brought to determine a contest as to the right to purchase certain school lands, forming part of a twentieth and of a twenty-ninth section, which had been listed to the state under a selection in lieu of a sixteenth and of a thirty-sixth section.   At the time the plaintiff's application to purchase was made, section 3500 of the Political Code, as amended on April 28, 1880, provided as follows: "Any person desiring to purchase any lands, . . . . except the sixteenth and thirty-sixth sections, must make an affidavit . . . . that there is no valid claim to such land other than that of the applicant; that he is an actual settler thereon; that he has not entered any land in part satisfaction of the unsold portion of the

five-hundred-thousand-acre grant, or of the grant in lieu of the sixteenth or thirty-sixth sections, which, together with that now sought to be purchased, exceeds three hundred and twenty acres." Instead of stating such facts, the complaint showed that the plaintiff's affidavit stated the facts which section 3495 of the Political Code, prior to the amendment of March 1, 1885, required to be stated on an application for the purchase of a sixteenth or of a thirty-sixth section. The defendants demurred to the complaint, their demurrer was overruled, and judgment rendered for the plaintiff. The further facts are stated in the opinion.

*T. L. Carothers*, and *E. D. Sawyer*, for Appellants.

*J. A. Cooper*, for Respondent.

BELCHER, C. C. — The demurrer to the complaint should have been sustained. The action was commenced to determine a contest between the parties as to their rights to purchase from the state certain parts of sections 20 and 29, in township 18 north, range 17 west, Mount Diablo meridian. The plaintiff's application to purchase the land was made in May, 1884, and the defendants' applications were made in May, 1877.

Section 3495 of the Political Code, as it was framed in 1884, provided for the form of affidavit to be made by a person desiring to purchase any portion of a sixteenth or a thirty-sixth section of any township which had been surveyed by the United States, and section 3500 provided for the form to be used by any one desiring to purchase any part of the unsold portion of the five hundred thousand acres granted to the state for school purposes, or of the lands selected in lieu of the sixteenth and thirty-sixth sections.

The complaint shows that plaintiff's affidavit was made under and in strict conformity to the require-

-ments of section 3495, and not under and in conformity to the requirements of section 3500.

But the land applied for by plaintiff was not any portion of a sixteenth or thirty-sixth section, and his affidavit was, therefore, not the one required in such a case.

It is well settled that where one seeks to purchase land from the state he must state in his affidavit all the facts which the law makes requisite for such a purchase, and failing to do that, his application must fail. (*Woods* v. *Sawtelle*, 46 Cal. 389; *Millidge* v. *Hyde*, 67 Cal. 5; *McKenzie* v. *Brandon*, 71 Cal. 209.)

The statement in the complaint, "that on the twenty-sixth day of May, 1884, plaintiff filed in the office of the surveyor-general of the state of California his affidavit and application in due form," is the statement of a mere conclusion. The law requires the facts to be stated so that the court may see whether the application was made in *due form*, or not.

The record is sufficient. No bill of exceptions or statement was necessary. The transcript contains the demurrer, the order of the court overruling the same, and the judgment, in which is recited the demurrer, the ruling thereon, and the exception taken to that ruling by counsel for defendants.

The judgment should be reversed and the cause remanded, with directions to the court below to sustain the demurrer, giving leave to the plaintiff to amend his complaint if he is so advised.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded, with directions to the court below to sustain the demurrer, giving leave to the plaintiff to amend his complaint if he is so advised.