UNITED STATES, to Use of FLAHERTY, v. AMERICAN SURETY CO. et al.

(Circuit Court, S. D. New York. December 5, 1903.)

1. UNITED STATES—BOND OF CONTRACTOR FOR PUBLIC WORK—ACTION FOR THE USE OF SUBCONTRACTOR.

Act Aug. 13, 1894, c. 280, 28 Stat. 278 [U. S. Comp. St. 1901, p. 2523], authorizes the bringing of an action on the bond of a contractor for public work in the name of the United States, for the use and benefit of another person, only where such person has supplied the contractor with "labor and materials in the prosecution of the work provided for in such contract," for which payment has not been made.

2. SAME—SUFFICIENCY OF COMPLAINT.

A complaint in an action under said act is demurrable where it does not set out the bond sued on, or allege that it was conditioned, as therein required, that the contractor should promptly make payments to all persons supplying labor and materials in the prosecution of the work.

At Law. On motion of defendant for leave to withdraw answer and substitute a demurrer.

Henry C. Wilcox, for the motion.
Maxwell C. Katz, opposed.

LACOMBE, Circuit Judge. So much of the complaint as sets forth the so-called second cause of action is manifestly demurrable. The statute provides for a suit in the name of the United States only in cases where the person or persons for whose use and benefit the suit is brought has supplied the contractor "labor and materials in the prosecution of the work provided for in such contract." The complaint con-

tains no averment that any labor or materials were so supplied, and, on the contrary, expressly states that no such labor or materials were in fact supplied by Flaherty. This objection, however, can be taken by motion, upon the pleadings and opening, to dismiss as to the second cause of action. Such motion has precisely the effect of a demurrer, and it will not be necessary to withdraw the answer and substitute demurrer in order to avail of the objection.

The first cause of action is also demurrable. It states that the Pneumatic Torpedo Company entered into an agreement with the United States "for the erection of certain guns at Fisher's Island, New York, and Port Royal, South Carolina"; that the American Surety Company executed a bond wherein it became surety for the torpedo company upon said contract, and "conditioned that the said torpedo company would fully observe and perform all the covenants, conditions and agreements in said contract to be observed and performed." But it fails to aver what said covenants, conditions, and agreements were, or even that one of them was that the contractor should promptly make payments to all persons supplying it labor and materials in the prosecution of the work; nor does it produce the contract and penal bond, and make them part of the complaint. This objection can also be raised by motion on the pleadings, but it would certainly seem desirable that an objection which might be avoided by the insertion in the complaint of the documents relied on should be disposed of in advance of the trial, especially as the court, upon the trial, might allow plaintiff to amend by incorporating them in the complaint. Unless, therefore, plaintiff forthwith amend the first cause of action by referring to the bond and contract, and annexing copies thereof, or by averring what they contain, the motion for leave to withdraw the answer and substitute a demurrer is granted, and the demurrer will be heard at any subsequent Friday calendar upon 10 days' notice. Should plaintiff so amend, and defendant demur, such demurrer may, on like notice, be heard on any Friday's calendar.