United States v. Fabian.

# UNITED STATES OF AMERICA, Plff.

*v.*

# RAFAEL FABIAN ET AL., Dft.

---

Ponce, Law, No. 1091.

MATERIALMEN TO PUBLIC WORKS UNDER ACT OF CONGRESS OF FEBRUARY 24, 1915.

Labor and Materialmen—Subcontractor—Local Law.

    1. Persons supplying labor or material to a subcontractor are entitled to the protection afforded by the bond given under the Act of Congress of February 24, 1905, and the case will be governed entirely by the provisions of the said statute, the local law being inapplicable.

Subrogation.

    2. It is not everyone who pays a debt of another that is subrogated to that other's rights, and unless the person so doing is under some obligation to pay the debt, or it is ratified by the debtor, it remains an act for which the law provides no reimbursement, but where one is subrogated to the rights of another a formal assignment is not necessary.

Labor and Materialmen—Allegations of Complainant.

    3–4. A complaint filed under the labor and Materialmen Act of February 24, 1905, must allege all the facts required and by the statute as prerequisites, and must allege them as facts and not as conclusions of law.

Opinion filed January 21, 1916.

---

*Mr. T. D. Mott* for demurrants.

*Messrs. Francis & Soto* for plaintiff.

HAMILTON, Judge, delivered the following opinion:

This suit was originally brought August 6, 1915, and the demurrers now under consideration were filed by the defendants November 11, 1915, to the complaint and to intervening claims. It seems that on July 7, 1913, defendant Victor Millin contracted with the United States for the removal from the Yabucca harbor of the wreck of the steamship Vasco for the sum of $2,-250, all under the Act of Congress of February 24, 1905, 33 Stat. at L. 811, chap. 778, Comp. Stat. 1913, § 6923, amending previous legislation on the subject, and on the same day of his contract executed a penal bond for $2,450, upon which defendants Rafael Fabian and Jesus Martinez are sureties. The work was commenced in July, 1913, and in the same month in the prosecution of the work Millin purchased from Dooley, Smith, & Company dynamite to the value of $430.77, the payment whereof was guaranteed by the plaintiff Andres Rodriguez. That the dynamite was used in carrying out the contract, but the price, not being paid by Millin, was paid to Dooley, Smith, & Company by Rodriguez. That in December of the same year Millin found himself unable to continue the work for lack of funds, and the defendants as his sureties took over the work and completed it, final settlement thereof being made on August 13, 1914. One E. B. Wilcox files an intervening petition claiming reimbursement for money paid for the benefit of Millin, but it is admitted by his attorneys that the claim is defective, and the demurrer confessed. Ten days will be allowed for proper amendment of his claim. As to the complaint the demurrers are resisted.

1. The grounds of demurrer are eight in number, but they

United States v. Fabian.

may be discussed under fewer heads. The first four are based upon the same principle of law, and set up that the complaint must allege that a contract as authorized by the statute has been entered into between the contractor and the United States; that a bond in the premises prescribed by statute has been executed, that the plaintiff has complied with whatever terms precedent are prescribed in the statute, and that he supplied the contractor with labor or material to the extent of the sum sued for. There is no doubt that persons supplying labor or material to a sub-contractor are entitled to the protection afforded by the bond. United States use of Hill v. American Surety Co. 200 U. S. 197, 50 L. ed. 437, 26 Sup. Ct. Rep. 168, and that claims under the statute are assignable so as to enable the assignees to sue on the bond. United States use of Fidelity Nat. Bank v. Rundle, 40 C. C. A. 450, 100 Fed. 400, 403. The complaint does not allege that Rodriguez furnished labor or material, but plaintiff claims as a surety who has paid for the contractor such a claim for materials. The argument is based in part upon § 1740 of the Civil Code of Porto Rico, but this may be laid to one side. The question before the court is a proper construction of a complaint under a statute of the United States, and no matter what provisions Porto Rico may have made as to suits in bonds made under her statutes, these are inapplicable in bonds made to the United States under a statute of the United States.

2. Plaintiffs allege, however, that they come within the principle of subrogation. It is not everyone who pays a debt of another that is subrogated to the rights enjoyed by the creditor. A payment of another's debt may be a generous act, but unless the person so doing is under some obligation to do it, or it is in some way ratified by the debtor, it remains an act for which the

United States v. Fabian.

law supplies no reimbursement. 37 Cyc. 375. On the other hand, if the person making the payment is under some obligation to make it, and in particular if he be a surety who is compelled to make such payment, the payor is at once subrogated to all the rights, remedies, securities, liens, and equities of the creditor, for the purpose of obtaining his reimbursement from the principal debtor. United States use of Fidelity Nat. Bank v. Rundle, supra; 37 Cyc. 402, 406. The demurrant claims that nothing other than a formal assignment of the debt will substitute the payor in the place of the payee, but this is not the rule. Subrogation was originally an equitable doctrine, but in cases where there is obligation as above, it is generally recognized also at law.

3. It is doubtless true that the requirements of the statute must be followed in a complaint under its provisions. Whether or not there is good reason for compelling the plaintiff to allege that the United States has not instituted suit upon the bond within six months, that the affidavit mentioned in the statute has been furnished, and that a certified copy of the contract and bond has been obtained from the proper department, may not be clear; nevertheless the statute provides for these prerequisites, and no reason appears why they should not be alleged in the complaint according to the usual rule, that, where a right is created by a statute, the terms of the statute creating it must be followed in a suit under it. Moreover the wording of the statute would seem to provide that the right of action does not arise until the certified copy of the contract and bond has been procured. The statute is perhaps not clear, but this seems to be the natural construction of the words. It would be surplusage or useless to hold that this statute means simply that the plaintiff is to have a cer-

United States v. Fabian.

tified copy of the contract and bond sued on. This would necessarily be true in any event. It follows, therefore, that these facts must be alleged in the complaint. United States use of Hill v. American Surety Co. 200 U. S. 197, 200, 201, 50 L. ed. 437, 439, 440, 26 Sup. Ct. Rep. 168.

4. The demurrer further sets up that the contract and bond must be set out in *hæc verba,* or the substance of their contents must be alleged. This would seem to be the law. Merely alleging, as is done in the complaint, that the bond was executed as provided in the Act of Congress is alleging a conclusion of law. The Act of Congress prescribes certain terms, and they should be set out so the court can judge whether the papers contain the provisions required by law. United States use of Flaherty v. American Surety Co. 127 Fed. 490. There must be more than the statement of a conclusion of law. The law requires the facts to be stated so the court may see whether or not the application is made in due form. McEntee v. Cook, 76 Cal. 187, 18 Pac. 258.

The demurrer is therefore sustained upon the fifth, sixth, and seventh grounds named therein. The others are overruled. Ten days will be allowed for amendment.

It is so ordered.